329 P.2d 432

John SEGURA, Claimant-Appellee,

v.

JACK ADAMS GENERAL CONTRACTOR, Employer, and Fireman's Fund Insurance Company, Insurer, Defendants-Appellants.

No. 6360.

Supreme Court of New Mexico.

Aug. 12, 1958.

Rehearing Denied Sept. 17, 1958.

414

McAtee, Toulouse & Marchiondo, Albuquerque, for appellants.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellee.

McGHEE, Justice.

This is an appeal from an order made in a workmen's compensation case directing the payment of medical expenses as well as for compensation beyond the time named in a judgment rendered October 3, 1956.

The jury found the claimant to be totally disabled from a back injury and fixed the duration of the disability from the time of the accident to six months following the making of its findings in answer to special interrogatories, and also recommended that a discogram be made.

On application of the claimant, the lower court on February 13, 1957, directed a discogram be made and that the defendant pay

the costs incidental thereto. The discogram was made on February 27, 1957, and disclosed, as found by the trial court, a posterior minimal protusion at the fifth lumbar interspace, and surgery was recommended by the doctor administering the discogram.

On April 3, 1957, the claimant filed a motion for a hearing on the issue of his continued disability and for an order directing the defendants to continue payments of compensation as would be reasonably necessary to care for claimant in connection with his disability, and for his medical expenses.

The defendants responded to the motion denying the court's jurisdiction to proceed further in the action asserting the jury verdict was res judicata on the issue of permanent disability.

At the hearing on the April 3 motion the trial court found the claimant was totally and permanently disabled; that he was entitled to be paid by the defendants such medical expenses as would be reasonably necessary to care for him in connection with his disability, including surgery, as suggested by the doctor, and that the defendants should also pay compensation at the rate of $30 per week from the date they terminated such payments (which was six months after judgment), and until the further order of the court, but not to exceed a total of 550 weeks.

The defendants state their grounds for reversal as follows:

"(1) That the court lacked jurisdiction to enter the order of September 12, 1957; (2) that the special verdict of the jury, when it answered the interrogatories at the time of trial, precluded any further finding as to the issue of permanent disability, either partial or total and (3) that the claimant is precluded from further compensation by the judgment entered on the verdict. These will all be argued under Point One.

"The second point includes the argument that there was not such a change in the claimant's physical condition, between the time of the jury trial and rehearing, to justify the court's award and second, that the court lacked power and authority to order an 'exploratory operation,' based upon the testimony taken at the re-hearing."

The operation it was proposed the defendant undergo was an exploratory one on his spine to learn what was causing his pain and disability.

The motion was filed under § 59–10–25, N.M.S.A.1953, the material portion of which reads:

"The district court in which any workman has been awarded compensation under the Workmen's Compensation Act (§§ 57–901—57–931 [59–10–1

to 59–10–31]) may upon the application of the employer, workman, or other person bound by the judgment fix a time and place for hearing upon the issue of claimant's recovery and if it shall appear upon such hearing that diminution or termination of disability has taken place, the court shall order diminution or termination of payments of compensation as the facts may warrant. And if it shall appear upon such hearing that the disability of the workman has become more aggravated or has increased without the fault of the workman, the court shall order an increase in the amount of compensation allowable as the facts may warrant. * * *"

The provision for reexamination of a workman when first enacted provided for relief for the employer only when an injured workman's condition had improved or his disability had terminated. It was later amended to put the workman on a par with the employer, so if the disability had become more aggravated or increased without fault on his part the court might order an increase.

From the evidence and the finding it is apparent the claimant was in worse condition at the time of the last hearing than he was at the time of trial. He was able to work for a while after the trial but lost his job and had been unable to procure other work. One medical witness testified if the claimant procured work he would likely realize he could not do the work and quit but that if he did not do so then the employer would probably discover it and let him go.

On the first point made by the defendants we are without a New Mexico case to guide us. The finding and judgment of six months' disability from time of trial is an unusual one.

In view of provisions of the applicable statute the ordinary rules of res judicata cannot apply to a judgment rendered on the merits after trial. In fact, in such a case except for loss of a specific member of the body there is no final judgment as it is generally understood short of 550 weeks when either party may come into court and have a hearing on a decrease or increase of disability and have a new judgment rendered in accordance with new findings.

The same question arose in Kansas in the case of Corvi v. J. R. Crowe Coal & Mining Co., 1925, 119 Kan. 244, 237 P. 1056, 1057, where they have a similar statute as ours. There the plaintiff had been injured in June of 1920 and had been awarded compensation for total disability from date of injury to date of hearing, and for partial disability until June 16, 1921. Upon payment of the final installment called for by the judgment the plaintiff executed a receipt for the total amount and

a release of liability. Instead of cashing the last check the plaintiff commenced an action to set aside the release and also for compensation for permanent total disability. At the hearing the court found that the plaintiff would be totally disabled until January 28, 1923, and partially disabled until June 28, 1925. On May 31, 1924, the plaintiff filed another petition to review and modify the award on the ground that his incapacity had increased and that he was permanently and totally disabled. Upon trial of the issue the trial court found him to be permanently partially disabled and entered judgment accordingly. In affirming the judgment the Supreme Court stated:

"The purpose of the Workmen's Compensation Act was to compensate a workman for disability to earn wages by means of the work at which he was employed. Award of compensation as the result of arbitration may not be for payment of a lump sum, except as to the sum due at the time of the award. The remainder of the compensation is payable in installments, payment of which shall continue for a specified length of time. R.S. 44–525. What effect an injury will have on capacity to work is necessarily a matter of predication in most cases. The arbitrator's prediction may not accord with the facts disclosed by lapse of time. Capacity may increase or may diminish beyond what the award contemplated, and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for at the instance of either employer or employee. A modified award is still likely to rest on predication and, if the predication should prove to be wide of the truth, further adjustment to accord with the facts ought to be made. To illustrate: A workman receives an injury to his foot, and compensation is awarded contemplating full recovery in a year from date of the award. Before final payment it becomes manifest that consequences of the injury will persist beyond the year, and the award is modified. Afterward necrosis is discovered, necessitating amputation. The modified award should be reviewed and modified, and the only time limitation stated in the statute for adjusting compensation to increased or diminished capacity is 'any time before final payment had been made.'

"In this instance, what was believed to be temporary disability, which would cease altogether by June, 1925, has been found to be permanent. While in one sense the disability has remained constant, it has increased in the sense that it will continue to the end of the period for which the statute allows compensation, three years longer than the district court last predicated. This

being true, the court concludes that plaintiff's disability has increased, within the meaning of the statute. There is fair basis for the further conclusion that compensation for permanent disability classified in such a way (as temporary disability) that the workman would be deprived of compensation for three years is grossly inadequate."

Montana has a similar provision for decreasing or increasing compensation, and in Meznarich v. Republic Coal Co., 101 Mont. 78, 53 P.2d 82, it followed the Crowe case and reversed a decision of the Industrial Board denying an increase where the latter had based its decision on the failure of the claimant to prove his condition had grown worse since a previous extension of time for payments.

■ The trial court was acting within its jurisdiction when it heard the application for an extension of payment time, and for necessary medical and hospital expenses.

The second point made for reversal, as above stated, is that there was not sufficient evidence to support the court's findings of fact, and that the claimant failed to prove at the rehearing that his condition had changed in any way from the time of trial; and, finally, that the court erred in ordering defendants to pay for an exploratory operation.

The evidence at the trial on the merits where the jury found in effect the claimant's disability would terminate in six months is not before us, but as neither party appealed it must be assumed such finding was based on substantial evidence, and that its finding was reasonable in the light of then existing conditions.

■ At the time of the last hearing the evidence strongly supports the finding that the claimant was totally and permanently disabled. He was having a great deal of pain and suffered various infirmities and was able to work only for short periods of time. The discogram as heretofore stated had disclosed a protusion at the fifth lumbar interspace. The evidence of disability was substantial and the court's finding on that point will not be overturned.

■ As to the claim there was not sufficient evidence to support the order for the payment of medical expenses for an exploratory operation, we find the surgeon stated in substance that was the next or last step to be taken. Normal treatment and processes had availed nothing, and compared the necessity for such an operation to one made where a patient had severe abdominal pains for which no cause could be seen—that the thing to do was to open the patient and discover what was wrong. We are of the opinion the order of the court in this regard was justified by the evidence.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, COMPTON and SHILLINGLAW, JJ., concur.