347 P.2d 752

David N. CHURCHILL, Claimant,
Plaintiff-Appellee and
Cross-Appellant,

v.

CITY OF ALBUQUERQUE, Defendant-
Appellant and Cross-Appellee.

No. 6545.

Supreme Court of New Mexico.

Dec. 11, 1959.

Frank Horan, Malcolm W. deVesty, Paul F. Henderson, Jr., James L. Parmelee, Jr., Albuquerque, for appellant and cross-appellee.

Schall & Sceresse, Albuquerque, for appellee and cross-appellant.

CARMODY, Justice.

This is an appeal and cross-appeal from a supplemental order in a workmen's compensation case, increasing the term of disability but at the same time refusing to increase the percentage of compensation.

The case was originally tried before a jury which found on October 4, 1955, that the claimant was partially disabled in the amount of 50% and that his disability would continue for a period of 250 weeks.

No further proceedings were taken until December 5, 1957, when a motion was filed by the claimant to re-open the judgment on the grounds (1) that by reason of action of the defendant, claimant's disability had been increased to 100%, and (2) that claimant's disability would continue beyond the 250 weeks contemplated.

As to this motion, originally, the district court denied claimant's request to enlarge

the term of disability but set the case for rehearing on the percentage of disability. Thereafter, the court heard testimony, and as a final result entered its order enlarging the term from 250 weeks to 550 weeks, but leaving the percentage of disability as it had been theretofore found.

The defendant attacks this order on two grounds, (1) that the court retained no jurisdiction to amend or correct the verdict, and (2) that any adjudication as to the enlargement of the term is premature.

■ The first ground above stated is without merit. There is no longer any question in this jurisdiction but that a judgment such as here involved is not final until the full statutory period of 550 weeks has elapsed. In La Rue v. Johnson, 1943, 47 N.M. 260, 141 P.2d 321, 326, we said:

"We are of the opinion that, as the right later to contest the question of a continuance of the disability is statutory (citation), it would exist even though a judgment is absolute in form."

In Segura v. Jack Adams General Contractor, 1958, 64 N.M. 413, 329 P.2d 432, 433, the court discussed this question and stated as follows:

"[1] In view of provisions of the applicable statute the ordinary rules of res judicata cannot apply to a judgment rendered on the merits after trial. In fact, in such a case except for loss of a specific member of the body there is

no final judgment as it is generally understood short of 550 weeks when either party may come into court and have a hearing on a decrease or increase of disability and have a new judgment rendered in accordance with new findings."

There can be no logical distinction drawn between the jurisdiction of the court in amending the amount of disability and jurisdiction as to the length of the term for which disability is to be received.

The Segura case does not directly dispose of the second contention of the defendant, because there application was made for the enlargement of the term on the very day. that the original judgment would have expired. The defendant had been granted disability by a jury verdict for a period of six months, and the trial court, on motion filed when the six months elapsed, extended the term to the full statutory period of 550 weeks. Our opinion sustained the action of the trial judge. Here, application was made approximately two and a half years before the original limitation had expired.

However, when we consider that the right to contest the continuance of disability is for 550 weeks, La Rue v. Johnson, supra, and that there is no final judgment, in the usual sense, short of the maximum period, Segura v. Jack Adams, supra, then the 250-week limitation is surplusage. This is particularly true inasmuch as the statute (§

59-10-25, N.M.S.A.1953 Comp.) permits the re-opening of an award at six-month intervals. Therefore, upon proof of permanency of injury, the court is justified in extending the term to the full statutory period. Such proof was in evidence before the trial court when claimant's doctor testified by affidavit, "This disability will continue indefinitely. * * *"

We are faced with the practicalities of the situation and it now appears that the 250-week period will expire in a little more than six months. To require, at that time, another hearing as to the length of the term, in view of the present order, would be of little purpose. Neither of the parties are prejudiced and both retain the prerogative to re-open in conformity with the statute at any time within the interval provided for by law. The defendant's right to seek dimunition or termination is preserved, as is claimant's privilege to apply for an increase or aggravation of disability. We will therefore hold that in view of the peculiar circumstances of this particular case, that the adjudication as to the enlargement of the term was not premature.

With respect to claimant's cross-appeal, which relates to the refusal of the trial court to increase claimant's disability from 50% to 100% retroactive to the date of the termination of his employment by the defendant, a completely different problem faces us. Paraphrasing the language of claimant's attorney at the commencement of the hearing, claimant's theory was this: That it was stipulated that claimant's disability remained at 50% insofar as his physical functions were concerned; however, that this 50% disability was the cause of claimant's termination of employment as a police officer, and that therefore it had the effect of making claimant 100% disabled for such employment.

In order to bring this question into proper perspective, certain additional facts taken from the record are necessary.

Claimant was of the age of forty years at the time of the hearing. He had been a policeman in the city of Albuquerque for approximately ten years, with the exception of nine months during this period when he was employed elsewhere. Prior to this time, claimant had spent about five years in the United States Navy, and during this period of service was a pharmacist's mate. After release from the Navy, claimant entered college and took three years pre-medical education and the equivalent of four years of sociology. For this college work he received a degree, the exact type of which does not appear in the record. It also appears that claimant obtained another college degree at St. Joseph's University in furtherance of his training toward juvenile police work.

At the time of the hearing, claimant had obtained a state license to sell securities and was apparently engaged in this occupation

at that time. Between the time of the original jury verdict in 1955 and June 1, 1957, claimant continued as a policeman at full salary and walked a beat in Albuquerque. Prior to the notice of termination of employment, claimant was advised by the city officials that it would be necessary that he obtain a doctor's certificate showing him to be not disabled, and upon his failure or inability to obtain the same his termination followed.

It seems that the city of Albuquerque carries its own compensation and, although it is not completely clear in the record, it seems probable that the city officials were reluctant to continue to pay partial disability and at the same time full salary.

The record also discloses that there is at least a general policy on the part of the defendant to attempt to employ its injured in sedentary positions. However, no position was found for the claimant prior to the time of the original hearing before the defendant's personnel board, and the record is silent as to whether the claimant sought or whether the defendant had an opening for any position after the personnel board hearing.

It is clear from the testimony that the cause of the termination of the claimant as a police officer was because of his 50% disability. A sizable portion of the record is taken up with questions and arguments relating to what was the meaning of termination, claimant contending that it was, in effect, his being fired, and the defendant on the contrary urging that termination amounted to leave without pay and that the claimant still retained his seniority, retirement rights and insurance coverage. The distinction between these two contentions, however, is actually of little importance in the determination of this cross-appeal.

There is highly respected text material, see Larson, Workmen's Compensation, vol. II, §§ 57.61 and 57.63, together with some case authority which supports the general proposition that inability to get work, traceable directly to a compensable injury, even though there is not complete medical disability, amounts to total disability; thus, if a workman, even though only partially disabled, is unable to obtain the only kind of work he has ever known, he is therefore entitled to total disability. The application of such a rule must, however, depend on the facts of each particular case.

The question here is whether or not claimant's contention is borne out by the evidence. The trial court, after hearing all of the testimony, refused to increase the disability. To us, it would appear that the problem is not so much claimant's total disability insofar as being a policeman is concerned, but rather whether the ruling was based upon substantial evidence.

Admittedly, the evidence of the termination of employment is strong evidence that the claimant was totally incapacitated.

330

Rakiec v. New Haven Wrecking Co., 1930, 112 Conn. 432, 152 A. 401. But it is not the only evidence in the case.

To overturn the action of the trial court, claimant would, in effect, have us ignore claimant's other training, experience, his educational background and the fact that his injury was not so serious as to prevent his satisfactorily performing his job for approximately a year and a half after the jury's verdict. The court had the duty of considering these circumstances in arriving at its decision in addition to the evidence of termination. This is not a case of a man who had a very limited educational background and whose training and experience qualified him for nothing except the particular job involved, as in Smith v. Spence & Son Drilling Co., 1956, 61 N.M. 431, 301 P.2d 723.

The burden was on the claimant, as cross-appellant, to show that the finding of the trial court was not based upon substantial evidence. Rowland v. Reynolds Electrical Engineering Co., 1951, 55 N.M. 287, 232 P.2d 689. This claimant has failed to do. It does seem that it is perhaps incongruous that a man with the educational background of the claimant and his prior experience should contend that the only line of work available is that of a policeman walking a beat.

We hold that there was substantial evidence from which the trial court could determine that the earlier verdict of the jury as to the 50% disability should not be disturbed and that therefore the cross-appeal is without merit.

The judgment will therefore be affirmed, both as to the appeal and the cross-appeal; and it is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and MOISE, JJ., concur.