537 P.2d 703

**Doyle W. BURTON, Plaintiff-Appellant,**

v.

**JENNINGS BROTHERS, d/b/a D. J. Cattle Company, and the Mountain States Mutual Casualty Company, Defendants-Appellees.**

**No. 1778.**

Court of Appeals of New Mexico.

June 4, 1975.

Certiorari Denied July 2, 1975.

Harry Relkin, Louis G. Stewart, Jr., Albuquerque, for plaintiff-appellant.

Dan B. Buzzard, Clovis, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

After a trial plaintiff was awarded workmen's compensation. The judgment was entered June 12, 1973. Plaintiff executed a release on June 26, 1973. A satisfaction of judgment was filed June 28, 1973. In February, 1974 plaintiff moved for an increase in the compensation award pursuant to § 59–10–25, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1). This motion was denied as a matter of law on the basis that (1) the judgment disposed of all rights of the parties, and (2) the satisfaction of judgment was binding on plaintiff. The appeal contends plaintiff was entitled to an evidentiary hearing on his motion. We agree.

*Whether the Judgment Disposed of All Rights of the Parties*

Defendants assert the judgment entered in June, 1973 was a final judgment disposing of all rights of the parties. This contention is based on § 59–10–16(B), N. M.S.A.1953 (2d Repl.Vol. 9, pt. 1) which provides that judgments in compensation cases shall have the same force and effect as judgments in civil cases. This view was answered in Segura v. Jack Adams General Contractor, 64 N.M. 413, 329 P.2d 432 (1958). *Segura* held that the "ordinary rules of res judicata cannot apply to a judgment rendered on the merits after trial." *Segura* reached this result after considering the provisions of § 59–10–25, supra, which provides for a "hearing upon the issue of claimant's recovery . . . ." Section 59–10–16(B), supra, does not bar hearings expressly authorized by § 59–10–25, supra.

Defendants contend the judgment entered in June, 1973 was a lump sum judgment and such a judgment may not be reopened under Durham v. Gulf Interstate Engineering Company, 74 N.M. 277, 393 P.2d 15 (1964). There was no lump sum judgment in this case and the reliance on *Durham* is misplaced.

In *Durham,* supra, the parties, by stipulation, agreed upon a lump sum settlement. The trial court, after a hearing, approved the settlement and entered a judgment based on the stipulation of the parties. Thereafter a satisfaction of judgment was filed. Two members of the New Mexico Supreme Court held that regardless of § 59–10–25, supra, plaintiff was bound by the lump sum judgment to which he had stipulated. One member of the New Mexico Supreme Court held that plaintiff waived his right to reopen the judgment under § 59–10–25, supra, by executing the satisfaction and release of judgment.

*Durham,* supra, is not applicable. The lump sum judgment in *Durham* was for the amount of a settlement agreed upon by the parties and approved by the

trial court. There was no agreed settlement nor was there a lump sum judgment in this case. Rather, the judgment was entered after trial and consisted of five separate items: (a) a disability award of 35 percent from March 24, 1972 to March 24, 1973; (b) disability award of 20 percent from March 24, 1973 to August 24, 1973; (c) medical expenses; (d) attorney's fee; and (e) expert witness fee.

Plaintiff's motion pursuant to § 59–10–25, supra, was not barred by the judgment entered in June, 1973.

*Whether the Satisfaction of Judgment Barred Plaintiff's Right to Reopen*

Defendants paid the judgment of June, 1973. Plaintiff's "Satisfaction of Judgment" stated that the judgment had been satisfied. What had been satisfied—compensation through August 24, 1973, certain medical expenses and fees for plaintiff's attorney and expert witness. Defendants assert this satisfaction bars a motion to reopen under § 59–10–25, supra. It does not.

As previously stated, § 59–10–25, supra, provides for a hearing on the issue of claimant's recovery. "And if it shall appear upon such hearing that the disability of the workman has become more aggravated or has increased without the fault of the workman, the court shall order an increase in the amount of compensation allowable as the facts may warrant."

■ Plaintiff's motion alleges that he has continued to be disabled since cessation of compensation on August 24, 1973, that his disability has increased, and that he is unable to return to work. These claims are directed to a time period subsequent to the time period covered by the judgment. The judgment refers to specific time periods; plaintiff declared the judgment for those time periods to be satisfied. The satisfaction of judgment cannot be considered as waiving a right to proceed under § 59–10–25, supra, because his motion under § 59–10–25, supra, is concerned with compensation for disability subsequent to the period covered by the judgment. See Linton v. Mauer-Neuer Meat Packers, 71 N. M. 305, 378 P.2d 126 (1963); compare the opinions in Durham v. Gulf Interstate Engineering Company, supra.

The issue raised by plaintiff's motion was "a change in the workman's condition subsequent to the original award." Goolsby v. Pucci Distributing Company, 80 N.M. 59, 451 P.2d 308 (Ct.App.1969). The fact that plaintiff declared the original award to have been satisfied did not bar that issue.

■ Defendants' brief suggests that the release, executed by plaintiff subsequent to the judgment, bars plaintiff's motion under § 59–10–25, supra. The trial court did not rule on the validity or the effect of the release executed after entry of the judgment. We will not consider the release for the first time on appeal. Section 21–12–11, N. M.S.A.1953 (Interim Supp.1974).

The order of the trial court denying plaintiff's motion as a matter of law is reversed. The cause is remanded with instructions to grant plaintiff an evidentiary hearing on his motion. Questions concerning the release may be litigated at this evidentiary hearing.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

When is a judgment in a workmen's compensation case a final judgment? It is final when it contains all of the elements of finality as do other civil judgments. Durham v. Gulf Interstate Engineering Company, 74 N.M. 277, 393 P.2d 15 (1964).

When a judgment is payable in installments for disability for a period of weeks, the judgment is final when the full statutory period has elapsed. *Durham*, supra. Churchill v. City of Albuquerque, 66 N.M. 325, 347 P.2d 752 (1959); Segura v. Jack Adams General Contractor, 64 N.M. 413,

**98**

329 P.2d 432 (1958); Livingston v. Loffland Brothers Co., 86 N.M. 375, 524 P.2d 991 (Ct.App.1974).

In the instant case, the judgment awarded plaintiff a total of $2,432.92 in compensating costs and expenses. It was not payable in installments. It has all the elements of finality. The judgment was entered June 12, 1974. The plaintiff entered a satisfaction of judgment. This clearly enunciates that the judgment was final. No appeal was taken from the judgment. The trial court lacked jurisdiction to proceed further in the case. Sections 59–10–16(B) and 59–10–16.1, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1). The motion for an increase in the compensation award was properly denied as a matter of law because the judgment and payment thereof by defendants disposed of all the rights of the parties.

In addition to the satisfaction of judgment, plaintiff executed a release. The majority opinion says: "Questions concerning the release may be litigated at this evidentiary hearing." If this issue is heard first, and the release is also sustained, no further evidentiary hearing on the motion will be required.