566 P.2d 838

Dennis **MARTINEZ**, Plaintiff-Appellant,

v.

**EARTH RESOURCES COMPANY, Employer, and United States Fidelity and Guaranty Company, Insurer, Defendants-Appellees.**

No. 2815.

Court of Appeals of New Mexico.

June 20, 1977.

Matias L. Chacon, Espanola, Bruce P. Moore, Duhigg & Cronin, Albuquerque, for plaintiff-appellant.

William K. Stratvert and Robert H. Clark, Keleher & McLeod, Albuquerque, for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

This is the second time that this Workmen's Compensation case has been before us, *Martinez v. Earth Resources Co.*, 87 N.M. 278, 532 P.2d 207 (Ct.App.1975). However, it is not necessary to refer to the prior appeal with the exception of the following part of the judgment which was affirmed:

"That as a natural and direct result of said accident proximately caused within the scope of plaintiff's employment said plaintiff has been totally disabled since the date of the accident on December 25, 1972 and will be totally disabled for a period of six months from the date of trial January 4, 1974 which will be July 4, 1974 *at which time the Plaintiff may bring the matter before the Court for a determination of his disability status as provided by law.*" [Emphasis ours.]

On April 26, 1976, plaintiff filed a petition requesting a hearing to determine his disability status and alleging that he was disabled. In support of his petition he attached a letter dated March 9, 1976, by the doctor who had treated him at the time of the original injury indicating a continuing disability and a "distant" possibility of surgery. The defendants filed a motion to dismiss for lack of jurisdiction, upon what grounds we do not know, since a copy of the motion does not appear in the record. However, at the hearing on the motion defendants argued that plaintiff's motion was barred by Section 59–10–13.6(A), N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1, 1974) which provides in part:

"If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled * * *, after notice has been given * * *, it is the duty of the workman * * * to file a claim therefor * * * not later than one [1] year. * * * [I]f the workman fails to file a claim * * * within the time required * * *, his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation are forever barred."

We would note parenthetically that defendants' contention that the statute of limitations is jurisdictional is erroneous. The statute of limitations is a privilege which defendant may interpose or which he may waive or be estopped by his conduct from asserting. *Greve v. Gibraltar Enterprises*, 85 F.Supp. 410 (D. N.M. 1949). "Jurisdiction of the subject matter cannot be conferred by consent of the parties, much less waived by them." *State ex rel. Overton v. New Mexico State Tax Com'n.*, 81 N.M. 28, 462 P.2d 613 (1970); *Martinez v. Research Park*, 75 N.M. 672, 410 P.2d 200 (1965).

The trial court in granting defendant's motion stated the following as its reasons for doing so:

"It was the intention of the Court in going back and interpreting Paragraph 6 of the Final Judgment that was entered in this case, the Court found that the petitioner was disabled for a period of six months beyond the date of the trial, and gave to the Petitioner an opportunity to come before the Court at the expiration of that period of time in the event that he felt, based upon medical testimony, that that time should be expanded.

"The Court feels that the authority in this case is governed by Section 25 of the Workmen's Compensation law and not the general statute of limitations within the statute itself. I believe that the peti-

tioner has exceeded the time that was given to him for purposes of making that determination, and *it was not the Court's intent to give to the Petitioner an unlimited time in which to make the determination that he did need an expansion or enlargement of the time."* [Emphasis ours.]

The plaintiff alleges four points of error. However, we need consider only two of the questions raised in order to resolve this appeal: Whether plaintiff's petition was barred by § 59–10–13.6(A) supra; and whether the trial court had the authority to place a time limitation on plaintiff's right to petition to re-open the original judgment to determine if his disability had increased or become aggravated.

Section 59–10–25(A), N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1, 1974) provides in pertinent part:

"The district court in which any workman has been awarded compensation . . . may, upon the application of the . . workman . . ., fix a time and place for hearing upon the issue of claimant's recovery and if it shall appear upon such hearing . . . that the disability of the workman has become more aggravated or has increased without the fault of the workman, the court shall order an increase in the amount of compensation allowable as the facts may warrant. Hearings may not be held more frequently than at six-month intervals . . . ."

As can be seen, there is no time limit in the section within which applications specified must be filed. Our Supreme Court in *Norvell v. Barnsdall Oil Co.,* 41 N.M. 421, 70 P.2d 150 (1937), which involved an application for decrease or termination, answered the question of whether there was unlimited time in which to file applications and whether § 59–10–13.6(A), supra, fixing the time limit within which to file the original claim for compensation, applied to applications to reopen:

"[An] application to decrease or terminate compensation under a prior award not being an original proceeding is not affected by the provision of the act fixing the time within which original proceedings for compensation must be instituted and is not affected by the Code provision applicable to modification of judgments generally, and in the absence of controlling statute or rule may be presented at any time within the period for which compensation is allowable . . . ."

The maximum duration of benefits at the time of plaintiff's accident on December 25, 1972, was 500 weeks. Therefore, his application filed on April 26, 1976, was timely.

■ The trial court was obviously under the impression that § 59–10–25, supra, gave it the authority to place a time limitation on when plaintiff could file an application to reopen. The trial court was mistaken; there is no such provision in this section or in the Workmen's Compensation Act. Did the trial court, as a court of general jurisdiction, nonetheless have inherent authority to impose such a limitation? The answer is no. "[T]he Workmen's Compensation Act of New Mexico is sui generis and creates rights, remedies and procedures which are exclusive." *Security Insurance Co. of Hartford v. Chapman,* 88 N.M. 292, 540 P.2d 222 (1975). The legislature having granted the substantive right to reopen the original judgment and having established the procedure for enforcement thereof, the courts cannot nullify or change such a right or the procedure. "We are not authorized judicially to eliminate rights conferred by the legislature." *Gonzales v. Sharp & Fellows Contracting Co.,* 51 N.M. 121, 179 P.2d 762 (1947).

■ For the guidance of the trial court upon the rehearing of this matter we think it is necessary to comment further on jurisdiction. Section 59–10–13.7, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1, 1974) provides in part that: "Claims to recover compensation benefits shall be filed in district court and shall be in the nature of a civil complaint wherein the workman shall be designated 'plaintiff' and his employer and the insurer shall be designated 'defendants.'" This section satisfies the question of the trial court's jurisdiction over the subject matter. The defendants subjected themselves to the jur-

isdiction of the trial court when they entered a general appearance in the original action.

We reverse and remand for further proceedings not inconsistent with this opinion. Should it be determined that plaintiff's disability continued beyond July 4, 1974 and should plaintiff be awarded further compensation beyond what he has already received, then in awarding attorney's fees the trial court should take into consideration the services of plaintiff's attorneys in this appeal.

Appellant is to be allowed $1,250.00 for the services of his attorneys.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

*I concur in the result and believe that additional relief should be granted plaintiff.*

Ofttimes, when a trial judge decides a case, he makes law—sometimes good, sometimes bad. A new case, being what it is, often leads a court to legislate, whether it wants to or not. This is especially true when lawyers obfuscate the proceedings and the issues and the trial judge exercises his discretion in arriving at a decision.

A. *The Record On Appeal*

The record shows the following dates and events:

(1) On *March 19, 1974,* "Final Judgment" was entered in which the trial court found plaintiff totally disabled and awarded compensation therefor; *that plaintiff would be totally disabled for a period of six months ending July 4, 1974,* and ordered payments to be made by defendants until that date, and then arbitrarily ordered, *"at which time the plaintiff may bring the matter before the Court for a determination of his disability status as provided by law."* [Emphasis added.]

Section 59–10–16(A) provides for inclusion in a judgment "an order upon the defendants for the payment to the workman, at regular intervals *during the continuance of his disability* ". [Emphasis added.]

There is no provision by statute that the trial court can summarily fix a time for plaintiff to bring the matter before the court. Section 59–10–25(A) provides that *upon application by a workman,* the district court may fix a time and place for hearing, "And if it shall appear upon such hearing that the disability of the workman has become more aggravated or has increased without the fault of the workman, the court shall order *an increase in the amount of compensation* allowable as the facts may warrant." [Emphasis added.]

(2) On *April 4, 1975,* after the judgment was affirmed and a mandate filed, the trial court entered judgment on the mandate, and at the same time, plaintiff executed and filed a satisfaction of judgment which showed a full and complete satisfaction of the "Final Judgment" entered on March 19, 1974.

(3) On *April 26, 1976,* more than one year after satisfaction of the judgment, plaintiff moved "the Court that *the Defendant be ordered to reinstate his workmen's compensation as of July 4, 1974".* [Emphasis added.] The issue to be decided was whether plaintiff's total disability continued after July 4, 1974.

(4) At some *unspecified time,* defendants' attorney states he filed a motion "to dismiss for lack of jurisdiction." The attorneys in these proceedings were not concerned with the fact that the motion to dismiss, if written, does not appear in the transcript of the record, and if oral, the circumstances under which it was made, is not shown. Neither do we know upon what basis the motion was made. This lack of concern by lawyers is a return to adolescence in the practice of the law. It may not be of significance to some appellate judges, but it is to me. This reference to adolescence not only applies in this case but is a common occurrence, and it does not arouse my sympathy.

(5) On *July 30, 1976,* argument was held on defendants' motion to dismiss for lack of jurisdiction. Jurisdiction is the power to hear and decide. Defendants' argument was based upon the application of § 59–10–13.6, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1).

This statute bars a claim for workmen's compensation if the claim is not filed within one year "after the failure or refusal . . to pay compensation."

(6) On *August 26, 1976*, the court entered its final order from which this appeal was taken. Defendant did not raise any issue of waiver in the trial court. Nevertheless, the trial court found *"that plaintiff by his delay in filing such Petition has waived any rights to bring this matter before the court* and the court further finding *that the Motion is well taken*;" the court ordered plaintiff's petition dismissed with prejudice. [Emphasis added.] *It desires clarification by this Court on its decision and judgment.*

Two issues are presented on this appeal: (1) Did the trial court lack jurisdiction to hear and decide this matter, and (2) did plaintiff waive his rights to bring this matter before the court?

B. *The trial court did not lack jurisdiction.*

We are confronted with one serious problem. Does a trial court have the power to terminate the end of total disability in a "Final Judgment" and grant the plaintiff a discretionary right for *six months* in which to determine his disability status "as provided by law"? We say "No." This is a matter of first impression.

When a complaint and answer are filed in a workmen's compensation case, the trial court determines whether a workman is disabled. If the workman is disabled at the time of trial, the court must enter judgment against defendants "for the amount then due, and shall also contain an order upon the defendants for the payment to the workman, at regular intervals during the continuance of his disability, the further amounts he is entitled to receive." Section 59–10–16(A). This kind of judgment is mandatory.

This is not a "Final Judgment". We all know that "[t]here is no longer any question in this jurisdiction but that a judgment such as here involved is not final until the full statutory period of 550 weeks has elapsed." *Churchill v. City of Albuquerque,*

66 N.M. 325, 327, 347 P.2d 752, 753 (1959). During this period of time, the trial court has continuing jurisdiction to determine the disability status of the workman. *Segura v. Jack Adams Contractor,* 64 N.M. 413, 329 P.2d 432 (1958); *LaRue v. Johnson,* 47 N.M. 260, 141 P.2d 321 (1943). This determination is made when the employer or the workman calls this matter of disability to the attention of the court. Section 59–10–25(A). The plaintiff did call this matter to the attention of the court, and the trial court had jurisdiction to determine plaintiff's disability subsequent to July 4, 1974. The defendants' motion directed to lack of jurisdiction did not seek a termination of plaintiff's disability. This issue was not before the court. The trial court proceeded contrary to the explicit provisions of the Workmen's Compensation Act and the court's provision for termination of total disability is null and void.

Defendants contend that the one-year statute of limitations contained in § 59–10–13.6 is applicable, warranting dismissal of plaintiff's petition. They say:

Claimant's delay of over a year between the time of final Satisfaction of Judgment (April 4, 1975) and the filing of the petition for reinstatement of benefits (April 26, 1976) was in excess of this one year period, thereby mandating dismissal of the petition.

It is a common occurrence for trial courts and attorneys to pole vault to dismissal without a pole, or to dance around the law without a partner to sustain a "lack of jurisdiction." Those are two of the reasons we are flooded with appeals. Section 59–10–13.6 applies to the initial claim for compensation. It does not apply to reopening procedures.

Defendants argue that the same considerations which led the legislature to enact this statute are as applicable to reopening procedures as the filing of the initial claims, i. e., to allow the employer to protect himself by prompt investigation and treatment of the injury, to prevent fraud, and to protect litigants from stale claims. This pro-

tection is given defendants by § 59–10–25(A).

The trial court did not lack jurisdiction. The trial court erred in sustaining defendants' motion to dismiss.

C. *Plaintiff did not waive his rights.*

The trial court found that plaintiff waived his rights to bring this matter to the attention of the trial court within six months as provided in the "Final Judgment". Inasmuch as this portion of the "Final Judgment" is null and void, plaintiff did not waive his rights. One purpose of the Workmen's Compensation Act is to protect the workman after judgment is entered during the time that he is disabled. The employer is liable until such time as the workman, for some consideration, releases the employer of all liability, or the parties enter into a stipulation for a lump-sum judgment that is fully paid and satisfied. *Durham v. Gulf Interstate Engineering Company*, 74 N.M. 277, 393 P.2d 15 (1964). Neither event occurred.

The satisfaction of judgment executed by the plaintiff in "full and complete satisfaction of the final Judgment entered in this cause on March 19, 1974," means exactly what it says. He was paid compensation and attorney fees for total disability through July 4, 1974. He did not satisfy all future compensation to which he was entitled thereafter.

Plaintiff did not waive his right to bring this matter before the court.

D. *Plaintiff is entitled to payment of compensation until disability is terminated.*

Plaintiff was entitled to compensation for disability after the "Final Judgment" was entered on March 19, 1974. These payments must be made at regular intervals during the continuance of his disability, "subject to its termination should the court subsequently adjudge that the disability had ceased." *LaRue*, supra, 47 N.M. at 268, 141 P.2d at 326. Plaintiff sought to "reinstate" the disability payments after July 4, 1974. The defendants did not seek to di-

minish or terminate plaintiff's disability. Until they do, plaintiff is entitled to a continuation of total disability payments from and after July 4, 1974. Plaintiff's motion should be granted.

This cause should be reversed. In addition thereto, I believe that plaintiff's motion that the court order defendants to make the payments from and after July 4, 1974, should be sustained and plaintiff should be paid compensation until the defendants desire to contest plaintiff's disability. Plaintiff is entitled to attorney fees on this appeal in the sum of $2,000.00.