580 P.2d 485

Eustaquio R. MARTINEZ,
Plaintiff-Appellant,

v.

RALPH JOHNSON RIG, INC., Employer
and the Hartford Insurer,
Defendants-Appellees.

No. 3087.

Court of Appeals of New Mexico.

April 25, 1978.

Rehearing Denied May 8, 1978.

Writ of Certiorari Denied June 22, 1978.

Steven L. Tucker, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for plaintiff-appellant.

James T. Roach and Mark J. Klecan, Klecan & Roach, P. A., Albuquerque, for defendants-appellees.

OPINION

LOPEZ, Judge.

Plaintiff-appellant brought this action under the Workmen's Compensation Act, § 59–10–1, *et seq.*, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1974) for a determination of disability and for medical benefits. The trial court extended the period of disability and granted medical benefits but denied an award of attorney's fees. The workman appeals from the court's denial of attorney's fees. We reverse.

The question presented in this appeal is whether attorney's fees should have been awarded for services rendered following the entry of the Supplemental Judgment.

Section 59–10–23(E), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1974) states:

E. In all actions arising under . . where the jurisdiction of the court is invoked to determine the question whether the claimant's disability has increased or diminished, and the claimant is represented by an attorney, the court shall determine and fix a reasonable fee for the services of claimant's attorney only *if the claimant is successful in establishing that his disability has increased* . . . . [Emphasis added]

The question under this statutory section is what constitutes success in establishing that the workman's disability has increased.

*Segura v. Jack Adams General Contractor,* 64 N.M. 413, 329 P.2d 432 (1958) is helpful in defining an increase in disability, and should be extended to apply to this case. Although *Segura,* supra, basically dealt with whether the court had jurisdiction to enter its order, the Court did discuss what constituted an increase in disability, quoting from *Corvi v. J. R. Crowe Coal & Mining Co.,* 119 Kan. 244, 237 P. 1056 (1925) as follows:

"While in one sense the disability has remained constant, it has increased in the sense that it will continue to the end of the period for which the statute allows compensation, three years longer than the district court last predicated. This being true, the court concludes that plaintiff's disability has increased, within the meaning of the statute." *Segura* 64 N.M. at 417–418, 329 P.2d at 434.

In the instant case plaintiff received as a result of the first hearing, an award of temporary partial disability at the rate of 30% for approximately 82 weeks. As a result of this action, plaintiff was awarded an additional 371 weeks at the rate of 22% permanent partial disability. Even though the percentage of plaintiff's disability was decreased in this second hearing, the term of the disability was extended and the total compensation received by the workman was increased. As a result of the second hearing the workman was "successful in establishing that his disability has increased" within the meaning of § 59–10–23(E), supra, in that the term of his disability was extended and he received an award not provided by the original judgment. Plaintiff's attorney should be awarded attorney's fees for his services under § 59–10–23(E), supra. Therefore, we reverse the trial court's judgment denying attorney's fees and remand for an award of same in accordance with the Workmen's Compensation Act, and for proceedings consistent with this opinion. Further, plaintiff is awarded $1,500 for the services of his attorney on this appeal.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge, dissenting.

I dissent.

I construe the issue to be whether a decrease in the percentage of partial disability of a workman in a workmen's compensation case mandates an allowance of attorney fees to the workman. To grant such an award is to turn § 59–10–23(E), N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1) topsy-turvy down. The pertinent portions of § 59–10–23(E) read:

> [T]he court shall determine and fix a reasonable fee for the services of claimant's attorney only if the claimant is successful in establishing that his disability has increased or if the employer is unsuccessful in establishing the claimant's disability has diminished, as the case may be. The fee *when fixed by the court* shall be taxed as part of the costs against the employer . . . . [Emphasis added.]

In the initial award, plaintiff received *temporary* partial disability of *30% ($19.50 per week)* for 82 weeks, and in the supplemental proceeding, plaintiff received *permanent* partial disability of *22% ($14.30 per week)* for the remainder of the statutory period. Plaintiff's percentage of disability decreased. Inasmuch as plaintiff was unsuccessful, the trial court properly denied plaintiff an attorney fee. See *Rhodes v. Cottle Construction Company,* 68 N.M. 18, 357 P.2d 672 (1960).

Plaintiff claims that "the workman was awarded an additional 371 weeks at 22% as a partial *permanent* disability." This does not constitute an increase in disability.

The Workmen's Compensation Act is divided into "Total disability," § 59–10–12.18, and "Partial disability," § 59–10–12.19. Compensation benefits are payable for "Total disability," § 59–10–18.2, or "Partial disability," § 59–10–18.3, which partial disability "shall be that percentage of the benefit payable for total disability . . . but in no event longer than five hundred weeks."

Whether plaintiff's 30% partial disability increased depends upon an increase in the percentage of partial disability up to and including total disability. Plaintiff would have received an additional award if the trial court had increased his award from partial to total disability. Similarly, the award would have been deemed increased if plaintiff had received a greater percentage of partial disability.

The words "temporary" and "permanent" in workmen's compensation cases are ornaments and frills, superfluous in a determination of disability.

These words have no bearing in a determination of whether there has been an increase or decrease of a workmen's compensation award. Though the original Workmen's Compensation Act used the words "temporary disability" and "permanent disability," § 57–918, N.M. Statutes 1941 Annotated (1942), the terms "temporary" and "permanent" were deleted from the current statute. Unfortunately, trial courts continue to employ these words in their findings and awards. This probably results from defective orders and judgments submitted to the court for signature. This usage is not only erroneous but also misleading.

In essence, no workmen's compensation award is permanent until the full statutory period has run for the payment of benefits, (i. e., 500 weeks). § 59–10–18.2 and § 59–10–18.3. Workmen's compensation awards are not final judgments in that either the employer or employee can seek modification of the award at six month intervals. § 59–10–25. *Martinez v. Earth Resources Co.*, 90 N.M. 590, 566 P.2d 838 (Ct.App. 1977), Sutin, J. specially concurring; *Johnson v. C & H Construction Company*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967). This, in fact, is what happened in the instant case.

At the first hearing, plaintiff was awarded *temporary partial* disability at the rate of *30% of the body as a whole ($19.50 per week)* from October 7, 1974, through the date of the judgment. The judgment provided that defendant shall pay these installments until June 1, 1976, and

> If the plaintiff has failed to seek employment and compile a work record by June 1, 1976 then the defendants may cease making payment of disability benefits. If, however, the plaintiff has sought employment and compiled a work record by that date *then the plaintiff shall be medically evaluated and the Court will, upon application of either party, make a determination as to the amount and ex-* *tent of the plaintiff's disability.* The defendant shall pay all medical expenses incurred relative to the above described medical evaluation. [Emphasis added.]

This language is merely a restatement of statutory rights when an employer and employee seek modification of an award. Plaintiff argues that the judgment meant that *"the workman was not entitled to a single cent after June 1, 1976."* I disagree. The trial court did not terminate compensation benefits. It urged the plaintiff to find work.

In order for a workman to be awarded benefits, he must show he is unable, in whole or in part, "to perform the usual tasks in the work he was performing at the time of his injury" and is unable, in whole or in part, "to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience." § 59–10–12.18 and § 59–10–12.19; *Medina v. Zia Co.*, 88 N.M. 615, 544 P.2d 1180 (1975). For the plaintiff's benefit, the trial court emphasized the statutory standard that would be followed in the event the plaintiff sought a modification of the award; the trial court delineated the workman's burden in proving disability.

Perhaps the trial court felt compelled to emphasize the meaning of disability because of the testimony at trial. In the initial hearing the trial court found that a doctor had advised plaintiff to attempt to return to his usual work activities. Another doctor testified that plaintiff should return to work, but plaintiff was unwilling to do so. In summary, the trial court found that the plaintiff, being physically able to return to work, refused to do so. Such recalcitrance violates both the letter and the spirit of the Workmen's Compensation Act.

Plaintiff filed an application to seek an increase in disability, and a hearing was held. This fact established that plaintiff was not denied a "single cent after June 1, 1976."

Plaintiff relies on a quotation from a Kansas case cited in *Segura v. Jack Adams*

*General Contractor,* 64 N.M. 413, 329 P.2d 432 (1958). He claims that it stands for the proposition that a change in disability from "temporary" to "permanent" constitutes an increase in disability. The case cited is *Corvi v. J. R. Crowe Coal & Mining Co.,* 119 Kan. 244, 237 P. 1056 (1925).

The issue in *Segura* was whether the trial court had jurisdiction after a hearing on the merits awarding compensation for six months, to entertain an application for an extension of payment time, and for hospital and medical expenses. To support its position, the court in *Segura* quoted at great length from *Corvi.* In the midst of the quotation, appears the following language:

"In this instance, what was believed to be *temporary disability, which would cease altogether by June, 1925,* has been found to be *permanent.* While in one sense the disability has remained constant, *it has increased in the sense that it will continue to the end of the period for which the statute allows compensation, three years longer than the district court last predicated.* This being true, the court concludes that plaintiff's disability has increased, *within the meaning of the statute. . . ."* [64 N.M. at 417–18, 329 P.2d at 434.]

The Kansas statute speaks in terms of temporary and total permanent disability with a predicate of time periods fixed by arbitrators and judges. Every award specifies the length of the period of time that "temporary" and "total" disability shall continue. Disability, within the meaning of the Kansas statute, when based upon wage-earning capacity, increases when a workman receives payment of compensation for a longer period of time than that predicated. As applied to the instant case, if disability was divided into temporary and permanent, then plaintiff's initial award of $19.00 per week, extended from temporary to permanent, would constitute an increase in disability.

The statutory scheme employed by the Kansas Court is not comparable to that of New Mexico. Any analogy of the two cases is inaccurate.

Plaintiff was not entitled to an attorney fee.

A. *When plaintiff is successful § 59–10–23(E) an award of attorney fees is mandatory.*

Plaintiff and defendant disagree on whether an award of an attorney fee under § 59–10–23(E) is mandatory or rests within the discretion of the trial court.

This section was enacted in 1959. Laws 1959, ch. 67, § 28. Unfortunately, its language has not yet been discussed by our courts. We have simply stated that the allowance of an attorney fee in the district court is discretionary and will not be disturbed in the absence of an abuse of discretion. *Gallegos v. Duke City Lumber Co., Inc.,* 87 N.M. 404, 534 P.2d 1116 (Ct.App. 1975); *Hedgecock v. Vandiver,* 82 N.M. 140, 477 P.2d 316 (Ct.App.1970); *Adams v. Loffland Brothers Drilling Company,* 82 N.M. 72, 475 P.2d 466 (Ct.App.1970); *Waymire v. Signal Oil Field Service, Inc.,* 77 N.M. 297, 422 P.2d 34 (1966); *Ortega v. New Mexico State Highway Department,* 77 N.M. 185, 420 P.2d 771 (1966); *Mascarenas v. Kennedy,* 74 N.M. 665, 397 P.2d 312 (1964). See, *Hathaway v. New Mexico State Police,* 57 N.M. 747, 263 P.2d 690 (1953).

In *Mascarenas,* headnote No. 9 says:

Allowance of attorney fees in compensation cases is discretionary.

This headnote was based upon the following language in the opinion:

There is complaint that *excessive* attorney fees were allowed. The *amount of the fees to be fixed and allowed by the court is discretionary.* We cannot say that the court abused its discretion in the allowance of attorney fees in this case. [Emphasis added.] [74 N.M. at 670, 397 P.2d at 315.]

What *Mascarenas* and succeeding cases actually decided was that discretion rested in the district court to fix and allow the *amount* of the attorney fee to be awarded a successful plaintiff. This concept continued until this Court in *Adams* and *Gallegos,* supra, omitted use of the words "the amount of."

Section 59–10–23(E) does *not* say:

The court shall determine and fix "the amount of" a reasonable fee for the services of claimant's attorney.

It says the court *shall fix* a reasonable attorney fee if claimant is entitled to a disability increase, or the employer is unsuccessful in diminishing disability. The word "shall" is mandatory. Section 1–2–2(I), N.M.S.A.1953 (Repl. Vol. 1); *State v. Mata-moros,* 89 N.M. 125, 547 P.2d 1167 (Ct.App. 1976); *Montano v. Williams,* 89 N.M. 86, 547 P.2d 569 (Ct.App.1976), aff'd 89 N.M. 252, 550 P.2d 264 (1976).

Under § 59–10–23(E), it is mandatory for the district court to award the claimant a reasonable attorney fee if the claimant is successful or the employer is unsuccessful on the issue of disability. Plaintiff is not entitled to an attorney fee if plaintiff is unsuccessful or the employer is successful at the interim period hearing.

If the Supreme Court should determine that an award of attorney fees is discretionary, then, in my opinion, there was no abuse of discretion in the denial of attorney fees.

B. *Plaintiff did not recover an additional benefit.*

Plaintiff claims recovery of an additional benefit. The court concluded:

The defendant shall pay the outstanding hospital bill of Lea County General Hospital in the amount of $602.75 . . .

It is clear that this hospital bill related back to the original hearing and was not an award of new medical benefits. For that reason, *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975), relied upon by plaintiff, is not applicable. Plaintiff did not recover an additional benefit.

C. *Plaintiff violated Rule 9(m) in "Statement of Proceedings."*

We have often pointed out that appellants should read and understand the Rules Governing Appeals each time that an appeal is taken. Rule 9(m) of the Rules Governing Appeals [§ 21–12–9(m), N.M.S.A. 1953 (Repl. Vol. 4, 1975 Supp.)] covers "Statement of Proceedings." It calls for a brief summary of pleadings and rulings and a concise, chronological summary of findings of fact. Plaintiff did not comply with Rule 9(m). I continue to point this out, not for the purpose of punishing the client in this case but for the purpose of assisting lawyers generally in the art of writing a proper brief on appeal. The proper place for extraneous material is in the argument. For violation of rules governing appeals, an occasion may arise when claimed errors will not be decided.

Under this circumstance, clients will be punished and the status of the legal profession lowered.

Plaintiff suffered a decrease in partial disability from 30% to 22%, and compensation was decreased from $19.50 per week to $14.30. To hold that plaintiff is entitled to an attorney fee challenges the standards of common sense. Common sense may be uncommon or indefinable, but it comes within the perimeter of intellectual knowledge sufficient to understand that which is ordinary and familiar, even to judges.