600 P.2d 304

**Clarence Elmer SENA, Plaintiff-Appellant,**

v.

**GARDNER BRIDGE COMPANY, Defendant-Appellee.**

No. 3680.

Court of Appeals of New Mexico.

March 27, 1979.

James R. Toulouse, Toulouse, Krehbiel & DeLayo, P. A., Albuquerque, Donald A. Martinez, Las Vegas, for plaintiff-appellant.

James C. Ritchie and Diane Fisher, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

On August 15, 1975, judgment was entered that plaintiff was entitled to one week of compensation resulting from two weeks of temporary total disability. Disability had ended August 12, 1974, one year before the judgment was entered.

Plaintiff appealed the 1975 judgment to this Court and it was affirmed by Memorandum Opinion. *Sena v. Gardner Bridge Co.*, No. 2253, decided April 20, 1976. Judgment on the mandate was entered May 24, 1976. This judgment was final.

On May 4, 1977, pursuant to § 52–1–56(A), N.M.S.A.1978, which relates to an increase of disability, plaintiff moved the court to review this case, hear testimony of attending physicians and make new findings and conclusions. The reasons given were:

1. More than six months elapsed from the time the court entered judgment.

2. Plaintiff had an operation to correct an injury on his back within the past six months as a direct result of the aforesaid accident and injury.

3. Plaintiff has, in fact, been totally and temporarily or totally and permanently disabled for the past two years.

This motion did not allege an increase of disability.

On May 3, 1978, a year later, plaintiff filed an amended motion in which plaintiff alleged that disability had increased since the initial hearing. On June 2, 1978, plaintiff's motion was denied and plaintiff appeals. We affirm.

In the original 1975 judgment, temporary total disability had ended prior to the entry of judgment. "Temporary disability" means "that which lasts for a limited time only while the workman is undergoing treatment." *Lane v. Levi Strauss & Co.*, 92 N.M. 504, 590 P.2d 652, 654 (1979). A workman who has completely recovered from an accidental injury is no longer disabled as defined by law. At the time judgment was entered, plaintiff was wholly able to perform the usual tasks in the work he was performing at the time of his injury, and wholly able to perform any work for which he was fitted by age, education, training, general physical and mental capacity and previous work experience. Section 52–1–24, N.M.S.A.1978.

Ordinarily, following a judgment, § 52–1–56(A) allows a workman to seek an increase in compensation "if it shall appear . . . that *the disability of the workman . . . has increased . . . .*" [Emphasis added.] We hold that a workman who is not disabled at the time judgment is entered cannot, thereafter, seek an increase of a non-existent disability. Neither can a non-existent disability revive itself to become partial or total disability.

Plaintiff argues that when a judgment is entered and any compensation is paid, this payment, not disability, is the only requirement necessary to seek an increase in compensation; that § 52–1–28,

N.M.S.A.1978, which states the proof necessary to establish a workman's compensation claim, does not require a finding of permanent injury or disability at the time of trial. We disagree. Section 52–1–28(A)(3) states that one of the essential elements of a workmen's compensation claim is that "the disability is a natural and direct result of the accident." However, for total or partial disability, "the workman shall receive, *during the period of that disability,"* workmen's compensation benefits as provided by §§ 52–1–41 and 52–1–42, "but in no event to exceed a period of [600] weeks." The judgment entered shall state "the amount *then due,* and shall also contain an order upon the defendants for the payment of the workman, *at regular intervals during the continuance of his disability,* the further amounts he is entitled to receive. . . ." [Emphasis added.] Section 52–1–38(A).

▆ At the time of trial, the court must find whether plaintiff's injury resulted in a disability that terminated before judgment was entered or plaintiff's injury resulted in total or partial disability in existence at the time judgment was entered. If plaintiff's injury resulted in a pre-judgment terminated disability, a workman is paid "the amount then due." If plaintiff's injury resulted in a post-judgment disability, a workman is also paid compensation "at regular intervals during the continuance of his disability."

▆ A judgment that provides for "payment to the workman, at regular intervals *during the continuance of his disability"* is not a "Final Judgment." *Martinez v. Earth Resources Co.,* 90 N.M. 590, 594, 566 P.2d 838 (Ct.App.1977), Sutin, J., specially concurring. Where, however, the judgment does not contain an order for further payments, disability having terminated, the judgment is final.

▆ Plaintiff now seeks to recover workmen's compensation benefits, not an increase thereof, by expert medical testimony that as a medical probability, there is a causal connection between the accidental injury and disability by reason of surgery

resulting therefrom. Section 52–1–28. This, plaintiff cannot do. The parties, causes of action, subject matter capacities in the 1975 judgment and recovery sought now are identical in all respects. The first judgment is a conclusive bar upon the parties as to every issue which either was or could have been litigated in the previous case. *City of Santa Fe v. Velarde,* 90 N.M. 444, 564 P.2d 1326 (1977).

Three years have passed since the date of the original judgment and two years after judgment on the mandate. Plaintiff has been traveling down the wrong road for an inexcusably long period of time and should not be prejudiced thereby if plaintiff can find the right road to travel.

If plaintiff believes that he can show a causal connection between the accidental injury and subsequent surgery, plaintiff may, perhaps, have a remedy by seeking relief from the judgment. See *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 582 P.2d 819 (1978).

Affirmed.

IT IS SO ORDERED.

ANDREWS, J., concurs.

HENDLEY, J., dissenting.

HENDLEY, Judge (dissenting).

I dissent and would allow the reopening of the judgment. I disagree that the motion to reopen the judgment is barred by the doctrine of res judicata. A liberal reading of the statute does not call for such a conclusion.

Section 52–1–56 A, N.M.S.A.1978, states in part:

"A. The district court in which any workman has been awarded compensation under the Workmen's Compensation Act [52–1–1 to 52–1–69 N.M.S.A.1978] may, upon the application of the employer, workman or other person bound by the judgment, fix a time and place for hearing upon the issue of claimant's recovery and if it shall appear upon such hearing that diminution or termination of disability has taken place, the court shall

order diminution or termination of payments of compensation as the facts may warrant. And if it shall appear upon such hearing that the disability of the workman has become more aggravated or has increased without the fault of the workman, the court shall order an increase in the amount of compensation allowable as the facts may warrant. Hearings may not be held more frequently than at six-month intervals, . . ."

*Segura v. Jack Adams General Contractor,* 64 N.M. 413, 329 P.2d 432 (1958) stated:

"In view of provisions of the applicable statute the ordinary rules of res judicata cannot apply to a judgment rendered on the merits after trial."

Admittedly, the facts in *Segura* were different from the present case in that the judgment awarded compensation for a period in the future.

In *Burton v. Jennings Brothers,* 88 N.M. 95, 537 P.2d 703 (Ct.App.1975) a judgment was entered on June 12, 1973, providing for compensation to be paid for continued disability through August 24, 1973. In February, 1974, plaintiff's motion for an increase in the compensation award was denied. This court reversed the trial court holding that a satisfaction of judgment did not bar a reopening under § 59–10–25, N.M.S.A. 1953, now § 52–1–56, supra.

The fact that in both *Segura* and *Burton* the judgment provided for a future prediction of facts, whereas, in the instant case, the judgment was for an award in the past which did not involve a continuing disability past the time of the judgment does not change the situation. One of the few cases on this issue is *Gant v. Price,* 135 Kan. 333, 10 P.2d 1082 (1932). In *Gant* there was a finding that the claimant had been totally disabled for a number of weeks in the past, but had completely recovered before the date of the filing of the application for compensation. Subsequently, the claimant filed to reopen the judgment stating as one ground that the incapacity and disability had increased. In holding that the claimant was not entitled to a hearing, the *Gant* court stated:

"Here the commissioner of workmen's compensation had found the facts to be that the disability of appellee had ceased before the first application was filed with the commissioner. This finding and award were appealed to the district court. The court approved the findings and award. When this was done the judgment of the district court took on all the attributes of finality that any case takes that is submitted to a district court for determination. The only remedy left is the appeal provided for to the supreme court.

"The reason for this is plain. When the commissioner of workmen's compensation hears a case and makes a finding that extends into the future, he looks at an injured workman, hears the testimony of the doctors and finds what in his judgment will be the extent of his disabilities and how long the condition will last. The lawmakers knew this could not be determined with finality, so the provision for modification and review was written into the act. As far as the payments for the future are concerned this is a wise provision. The necessity for it does not exist, however, where the commission, and later the courts, are asked to look at a man and say what his condition is at the present time, and where this is done and a finding of fact is made not looking into the future at all, but establishing a present determinable fact. . . ."

I argue with *Gant* insofar as it relates to the period of time up to the date of the judgment. That is, the contested issue of disability up through judgment was decided. Compare *City of Santa Fe v. Velarde,* 90 N.M. 444, 564 P.2d 1326 (1977). However, this does not fully answer the question of the time remaining of the original 500 weeks after the date of judgment. It cannot be said that that period has been litigated and, since it was not litigated, it cannot be res judicata. The trial court was not looking into the future, but was only establishing a determinable fact as of the date of the judgment.

Consistent with this philosophy, our Supreme Court stated in *Churchill v. City of Albuquerque,* 66 N.M. 325, 347 P.2d 752 (1959):

"There is no longer any question in this jurisdiction but that a judgment such as here involved is not final until the full statutory period of 550 weeks has elapsed."

See also *Martinez v. Earth Resources Co.,* 90 N.M. 590, 566 P.2d 838 (Ct.App.1977). There are, of course, certain exceptions to the rule which are not applicable in the instant case. See, for example, *Durham v. Gulf Interstate Engineering Company,* 74 N.M. 277, 393 P.2d 15 (1964).

The reasoning behind the allowing of a reopening is sound. The state of the medical arts is such that a reoccurrence of disability or relapse can happen in many instances. Given this possibility of relapse and consistent with the liberal construction policy of the Workmen's Compensation Act, I would hold that any attempt of relitigation of the period prior to judgment is barred by the doctrine of res judicata, but that the judgment may be reopened for the statutory period remaining after judgment.

Accordingly, I respectfully dissent.