596 P.2d 518

**Robert A. CLAUSS, II,
Plaintiff-Appellant,**

v.

**ELECTRONIC CITY, a/k/a Electronics City and John Capo,
Defendants-Appellees.**

**No. 3659.**

Court of Appeals of New Mexico.

May 15, 1979.

Rehearing Denied May 28, 1979.

**76**

David H. Pearlman, Albuquerque, for plaintiff-appellant.

David W. King, Albuquerque, for defendants-appellees.

OPINION

HENDLEY, Judge.

Plaintiff, as the personal representative of the estate of Marilyn R. Clark, appeals the termination of workmen's compensation benefits to the estate. The appeal concerns three issues: (1) jurisdiction of the trial court; (2) a lump sum award; and (3) whether the benefits accrue to the estate of decedent.

*Facts*

Allen B. Clark suffered a fatal accidental injury while employed by defendants. His widow, Marilyn R. Clark, on September 21,

1976, was awarded benefits "from March 1, 1974, . . . up to a cumulative total for past and future compensation of 500 weeks at Fifty-Seven Dollars and Fifty Cents ($57.50) per week, for a total Judgment for past and future weekly benefits in the sum of Twenty-Eight Thousand Seven Hundred Fifty Dollars ($28,750.00) . . ." This judgment was affirmed on appeal. *Clark v. Electronic City*, 90 N.M. 477, 565 P.2d 348 (Ct.App.1977).

Mrs. Clark died on September 13, 1977. It does not appear that there were any eligible surviving dependents (§ 52–1–17, N.M.S.A.1978) legally entitled to support. The estate brought suit for a lump sum payment for the amounts due from June 14, 1977, through September 13, 1977, and for all sums due and owing thereafter. The trial court found for the estate for the amount from June to September. It further found that defendant was discharged from paying any amounts after September 13, 1977.

*Jurisdiction of Trial Court*

It is plaintiff's position that the trial court was without jurisdiction to act since there was no appeal from the Judgment on the Mandate which provided for weekly installments of $57.50 for 500 weeks after March 1, 1974. It is plaintiff's contention that the only applicable statute is § 52–1–38 A, N.M.S.A.1978. Subsection A states in part:

In addition to executions for any amount already due in the judgment, executions for amounts to become due in the future shall be issued by the clerk of the court at any time after the time provided in the judgment for the payment thereof, if the workman files his affidavit with the clerk that the same is unpaid and that his disability still continues; provided, however, if application is made for a physical examination of the workman under Section 52–1–51 NMSA 1978, issuance of execution shall await the further order of the court in [on] the premises.

Plaintiff's argument is totally without merit. Because Marilyn had filed an affidavit

of non-payment under this section before her death does not limit the authority of the trial court to only act under this section.

Plaintiff's reliance on *Fowler v. W. G. Const. Co.*, 51 N.M. 441, 188 P.2d 160 (1947) for support for his position is misplaced. *Fowler* holds that the district court *has* jurisdiction after the expiration of thirty days to reopen, amend or modify its judgment.

*Fowler* is consistent with the general scheme of the Workmen's Compensation Act. Sections 52–1–46 and 56, N.M.S.A. 1978, both provide for a continuing jurisdiction of the court. See also, *Churchill v. City of Albuquerque*, 66 N.M. 325, 347 P.2d 752 (1959); *Segura v. Jack Adams General Contractor*, 64 N.M. 413, 329 P.2d 432 (1958). The trial court had jurisdiction to terminate the award.

### Lump Sum Award

■ Plaintiff contends that the judgment was a lump sum award. This is manifestly without merit. Section 52–1–30, N.M.S.A.1978, provides for compensation to be paid in installments unless it is in the interest of rehabilitation or in the "best interests of the person entitled to compensation." There was no "best interests" hearing, nor was there a present value discount. Plaintiff's argument defies common reasoning as to what is a lump sum settlement or award. See *Livingston v. Loffland Brothers Co.*, 86 N.M. 375, 524 P.2d 991 (Ct.App.1974); *Arther V. Western Company of North America*, 88 N.M. 157, 538 P.2d 799 (Ct.App.1975).

### Whether Benefits Accrue to the Estate

Plaintiff's position is basically that the benefits became vested in Marilyn and, accordingly, pass to the personal representative as assets of the estate. This is a matter of first impression in New Mexico and is answered by reference to our statutes and the intent evidenced thereby.

Section 52–1–17, supra, defines dependents and what causes benefits to cease:

As used in the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978], unless the context otherwise requires, the following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of the Workmen's Compensation Act:

\* \* \* \* \* \*

B. the widow or widower, only if living with the deceased at the time of his death, or legally entitled to be supported by him, including a divorced spouse entitled to alimony;

\* \* \* \* \* \*

E. questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the injury, and their right to any death benefit shall cease upon the happening of any one of the following contingencies:

\* \* \* \* \* \*

(3) upon the death of any dependent.

Section 52–1–46, supra, provides that only "eligible dependents" shall receive the benefits and Subsection A provides:

if there be no eligible dependents, except as provided in Subsection C of Section 52–1–10 NMSA 1978 of the Workmen's Compensation Act, the compensation shall be limited to the funeral expenses, not to exceed one thousand five hundred dollars ($1,500), and the expenses provided for medical and hospital services for the deceased, together with all other sums which the deceased should have been paid for compensation benefits up to the time of his death.

Subsection F provides "in the event of the death or remarriage of the widow or widower entitled to compensation benefits as provided in this section, the surviving children shall then be entitled to compensation benefits. . . ."

■ Thus, it would seem that the legislative intent was to only give benefits to those who were "eligible dependents" and not "heirs" as in the case of descent and distribution. See, *2 Larson's Workmen's Compensation Law*, § 58.40 at 10–247–249. This is more apparent when one views the various opinions discussing the purposes of

78

the Workmen's Compensation Acts. See generally, N.M.Digest, Workmen's Compensation, ⬅ No. 11. As stated in *Gonzales v. Chino Copper Co.*, 29 N.M. 228, 222 P. 903 (1924):

> It may well be kept in mind that the theory upon which the Workmen's Compensation Acts of the several states were adopted was to substitute a more humanitarian and economical system of compensation for injured workmen or *their dependents* in case of their death; to provide a speedy and inexpensive method by which such compensation might be made to such employees or *those dependent* upon them and which is more in harmony with modern methods of industry than the common-law liability for torts, which usually involved long, tedious and expensive litigation, and often produced ill feeling between employer and employee. * * (Emphasis added.)

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.