803 P.2d 1111

Virgil L. **BEAGLES**, Plaintiff–Appellee,

v.

Reginaldo **ESPINOZA**, Sr., Individually and as Special Administrator for the Estate of Reginaldo Espinoza, II, Deceased, and Trinnie B. Espinoza, Defendants–Appellants.

No. 12443.

Court of Appeals of New Mexico.

Nov. 15, 1990.

Certiorari Denied Jan. 2, 1991.

Richard C. Bosson, Bosson & Canepa, P.A., Santa Fe, for plaintiff-appellee.

George M. Scarborough, Santa Fe, for defendants-appellants.

## OPINION

ALARID, Judge.

Defendants appeal from a final judgment in an action for fraud and formal probate. Our fourth calendar notice proposed summary affirmance. Defendants filed a memorandum in opposition. Not being persuaded by defendants' arguments, we affirm.

The trial court found that the conveyance of a radio station license from decedent, Reginaldo Espinoza, II, to his mother, defendant Trinnie Espinoza, was fraudulent and ordered that the conveyance be set aside subject to the approval of the Federal Communications Commission (FCC). The court also ordered that probate regarding the estate of decedent be reopened and that the verified statement closing small estate

be vacated. After defendants' notice of appeal was filed, an order was entered appointing an administrator of decedent's estate.

Defendants do not challenge the finding that the conveyance was fraudulent. They claim that Judge Encinias was without jurisdiction to order probate reopened because he was not the designated judge in the probate case and that the filing of their notice of appeal precluded him from appointing the new administrator. They also contend that the district court's order intruded on the FCC's exclusive jurisdiction to determine who can hold a radio license.

FACTS

On December 1, 1984, decedent made a deathbed assignment of an FCC license for radio station KRDD to Trinnie. The transfer rendered decedent insolvent, and he passed away on December 17, 1984, without any assets. At the time of the conveyance, decedent was indebted to plaintiff pursuant to a 1981 judgment for over $15,000.

After his son's death, Reginaldo, acting on behalf of Trinnie and purporting to act as administrator of his son's estate, submitted a transfer application to the FCC. The FCC requested evidence of the probate proceedings before considering the application; there was no pending probate action at that time. The district court granted Reginaldo's petition to open a probate matter and to appoint him special administrator. While the probate matter was open, Reginaldo did not notify plaintiff of the action so as to allow him to file a claim against decedent's estate. After the FCC received evidence of the probate proceedings, it approved the transfer of the license from decedent to Trinnie. Reginaldo subsequently caused a verified statement closing small estate to be filed.

Plaintiff filed this action seeking to set aside the transfer of the radio license from decedent to Trinnie as a fraudulent conveyance. See NMSA 1978, §§ 56–10–4 and –7 (Repl.1986). The trial court concluded that the conveyance was fraudulent, and ordered the conveyance set aside, subject to the approval of the FCC. Judge Encinias ordered that the probate action be reopened and that the verified statement closing small estate be vacated. The judgment also stated that the trial court would appoint someone other than Reginaldo to be administrator, with directions to retransfer the radio license back to decedent's estate and to cause its sale for the benefit of the creditors of the estate, all subject to the approval of the FCC.

THE ORDERS OPENING PROBATE, VACATING THE VERIFIED STATEMENT, AND APPOINTING A NEW ADMINISTRATOR

NMSA 1978, Section 45–3–1204 (Repl.Pamp.1989), provides a format by which Reginaldo could close decedent's estate by filing a verified closing statement. Because the trial court determined that the fraudulent conveyance and the failure to notify plaintiff of the probate proceedings improperly thwarted plaintiff's efforts to satisfy his judgment against decedent, it ordered the verified statement vacated and the probate matter reopened. After the trial court entered its decision and findings and conclusions, but before the final judgment was filed, defendants filed a notice of peremptory disqualification in the probate case. Defendants claim that Judge Encinias did not have the authority to enter these orders because he was not the designated judge in the probate case. This argument begs the question of whether Judge Encinias was acting in the probate case.

Defendants cite *Churchill v. City of Albuquerque*, 66 N.M. 325, 347 P.2d 752 (1959), in support of their contention that when Judge Encinias ordered probate reopened a new action was commenced. *Churchill* held that the trial court retained jurisdiction to amend the amount of disability in a workers' compensation case during the length of time for which disability benefits were to be received. Not only does *Churchill* not stand for the proposition for which it is cited, but the proposition itself does not logically require the result which defendants seek. Commencement of a new case is a ministerial act that is not equivalent to judicial action in the matter being

started. *See* SCRA 1986, 1–003 (civil action commenced by filing complaint).

 Defendants contend that the filing of their notice of appeal precluded Judge Encinias from entering his order appointing a new administrator for decedent's estate and that such action improperly affected the judgment in the probate matter from which the trial court had been disqualified. Defendants' assertions to the contrary, we do not believe that this order was an action taken in the probate matter. Rather, the order implemented the judgment in this case which provided that such a person would be appointed. Since defendants did not seek to file a supersedeas bond to preserve the status quo, *see* SCRA 1986, 12–207, the judgment of the trial court remained in effect and could be enforced. *See Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963).

## THE ORDER SETTING ASIDE THE CONVEYANCE, SUBJECT TO THE APPROVAL OF THE FCC

 Defendants contend that by ordering the conveyance of the radio station license to be set aside, and by ordering that the new administrator be directed to take all steps necessary to cause such transfer, the trial court infringed on the jurisdiction of the FCC to make all radio license determinations. We believe that defendants have failed to recognize the significance of the trial court's qualification that such actions be taken subject to the approval of the FCC and that they have read too narrowly the Supreme Court's holding in *Radio Station WOW, Inc. v. Johnson*, 326 U.S. 120, 65 S.Ct. 1475, 89 L.Ed. 2092 (1945).

In *Radio Station WOW*, a licensee who had obtained a radio license through fraud was ordered by the state court to do all things necessary to secure reassignment of the license to its predecessor. In effect, the licensee was precluded from putting forth its claim before the FCC on the propriety of the reassignment, which in turn threatened to eliminate the FCC's power and responsibility to review the license assignment. The state alone would have made the determination of whether the predecessor should receive the license. The Supreme Court found that the state court's action intruded on the exclusive jurisdiction of the FCC.

 However, if an individual state's laws can be effectively respected while at the same time protecting the public interest which leads to the granting of a radio license, the principle of fair accommodation should be observed. *Id.*, 326 U.S. at 132, 65 S.Ct. at 1482. In contrast with *Radio Station WOW*, the district court here has not interfered with the current licensee's right or the right of any interested party to assert before the FCC any arguments regarding the court's order that the license be transferred back to decedent's estate. Plaintiff, an interested party, was not initially notified of this right because Reginaldo failed to notify him of the probate proceedings. As a result, the order in this case served to enhance the FCC's power and responsibility by allowing other interested parties, such as plaintiff, as well as defendants, an opportunity to assert any arguments regarding the assignment of the radio license. Since the district court order left to the FCC determination of all public interest issues and did not infringe federal licensing responsibilities in any way, it did not intrude on the federal agency's jurisdiction. *See In re Applications of Arecibo Radio Corp.*, 101 F.C.C.2d 545 (1985).

We affirm.

IT IS SO ORDERED.

BIVINS, C.J., and HARTZ, J., concur.