354 P.2d 524

Olivero APODACA and Benjamin Apodaca, Plaintiffs-Appellants,

v.

ATCHISON, TOPEKA AND SANTA FE RAILROAD, Defendant-Appellee.

No. 6713.

Supreme Court of New Mexico.

July 28, 1960.

**228**

Chavez & Cowper, Belen, for appellants.

B. G. Johnson, J. T. Paulantis, Albuquerque, for appellee.

McGHEE, Chief Justice.

The appellants sought damages for injuries sustained when a train of the defendant struck a pickup truck in which they were riding, on a railroad crossing. Olivero Apodaca sought damages for personal injuries while Benjamin Apodaca sought to recover for personal injuries and damages to his pickup. Both pleaded the collision happened because of the negligence of the defendant.

Following the taking of depositions of the two plaintiffs, the defendant filed a motion for summary judgment on the grounds the pleadings and depositions in the case showed the defendant was entitled to judgment as a matter of law.

The deposition of the driver of the truck is to the effect that when he drove his pickup along the road toward the crossing he was traveling between 13 and 20 miles per hour, that as he approached the crossing there was a steep hill which was icy and so slick one could not stand on it. He further testified he knew the crossing was there, intended to stop, and that he always stopped before crossing; that it would not have made any difference whether he saw the train, and that had it not been for the ice he would have stopped,

but that when he applied his brakes some 50 feet from the crossing the pickup did not stop but went upon the track; that but for the ice on the road there would not have been any accident. In addition, we quote the following from his deposition:

"Q. And you were about fifty feet away? A. Yes, sir.

"Q. What did you do then? A. Well, I always stop and put my brakes on.

"Q. You put your brakes on? A. Yes, sir.

"Q. And what happened? A. It was slick.

"Q. It was slick? A. Yes.

"Q. And did you get your truck stopped? A. No.

"Q. Never stopped until— A. Nothing.

"Q. —until the collision, is that right? A. Yes.

"Q. You were moving and the train was moving, is that right? A. Yes."

The plaintiff Olivero Apodaca testified in substance that he heard the engine whistle and saw the train about two telephone poles from the crossing, that the road was icy, but that he did not know whether his brother applied the brakes.

From this testimony there can be no question but that the proximate cause of the accident was the icy condition of the road rather than any negligence on the part of the defendant.

This does not end the case, however, for the reason that, shortly before the hearing on the motion, the plaintiffs filed the following affidavits in opposition to the motion:

"Comes now Olivero Apodaca, being first duly sworn, upon his oath says and deposes:

"By way of affidavit, in resistance to Defendant's Motion for Summary Judgment, says and shows to the Court:

"That at the time of the collision between Defendant's train and the pickup truck in which he was riding, he did hear the train whistle immediately before the accident, but that it was only a fraction of a second before the collision; that he neither heard nor saw the train, nor could the driver of the pickup, Benjamin Apodaca, have heard or seen the train within sufficient time to stop in order to avoid the collision; that the train was immediately upon the crossing at the time that it blew its whistle; that if the train had sounded a warning a reasonable distance before reaching the crossing, there would have been plenty of time to avoid the collision; that at the time of the collision and as a re-

sult of the impact, he was injured about the neck and shoulders, although only residuals of these injuries now remain, as more particularly shown in the letter of Dr. Rosenbaum, hereto attached and marked Exhibit A, and that as a further direct and proximate result of the collision, he has suffered a loss of memory and difficulty in recalling events, which persist to this date; that as a result of his injuries, he has incurred medical expenses to date in the amount of Seventy-two Dollars and Ten Cents ($72.10); that the crossing at which the accident took place is a naturally dangerous crossing, visibility being obscured so that a person approaching the crossing from the North in a vehicle, cannot see a train traveling on Defendant's track until immediately upon the crossing, and such person has no way of knowing of the approach of such train unless the train sounds a warning at a reasonable distance before reaching the crossing."

In our opinion, these affidavits were well calculated to circumvent the motion for summary judgment, but they fail to achieve this purpose, if for no other reason than that there is no explanation appearing therein as to the reason for the great discrepancy between them and the plaintiffs' sworn testimony on deposition. The fact remains, in view of the statements of the plaintiffs in their deposition, that the proximate cause of the accident was the condition of the road, not any act or omission of the defendant.

The judgment will be affirmed, and it is so ordered.

COMPTON, CARMODY, and CHAVEZ, JJ., concur.

MOISE, J., not participating.