378 P.2d 126

**Fred LINTON, Plaintiff and Appellant,**

v.

**MAUER–NEUER MEAT PACKERS, Employer, and Casualty Reciprocal Exchange of Kansas City, Missouri, Insurer, Defendants and Appellees.**

**No. 6975.**

Supreme Court of New Mexico.

Jan. 21, 1963.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris and James A. Borland, Albuquerque, for appellees.

CARMODY, Justice.

Claimant appeals from a summary judgment dismissing his claim for workmen's compensation.

The only record in the case, in addition to the pleadings, consists of the deposition of the adjuster for the defendant insurance company, three written statements given by the appellant to the adjuster, two checks received by the appellant, certain medical reports, and the affidavit of appellant. From this evidence, it appears that on August 10, 1959, the appellant received a back injury while employed by the defendant packing company. He consulted a doctor, who diagnosed his injury as "muscle spasm-back." On August 24th, he returned to his job and was discharged by the doctor. On September 30, 1959, an adjuster went to see appellant and took a typewritten statement from him, in which the appellant stated that he had recovered from his injury. As a result of this, a general release was secured by the adjuster, and the appellant received a check for $21.68. Subsequent to this time, he apparently had no further trouble with his back until the Summer of 1960, when he returned to the doctor, who, in turn, referred him to an orthopedist who saw him in August of 1960. At that time, X-rays were taken, and he was to go into the office for physiotherapy. On September 7th, the adjuster again saw claimant, took another statement, and a further one on the following day. At that time, another general

release was obtained, appellant receiving in return a check for $200.00, which recited "payment for all compensation resulting from the accident on August 10, 1959." There is also a showing that certain other doctor bills were paid. At the time of the second release, the insurance adjuster told appellant that the doctors had indicated to him that appellant was not injured to any extent, but said his company wanted the other release because it was not satisfied with the first release. Appellant, by his affidavit, somewhat explained both releases, claiming he signed the first one because the adjuster told him it was necessary in order to pay the doctor bills and because the adjuster asserted that the doctor said he had no injury; and as to the second release, he swore that the adjuster told him that the doctors had said there was nothing wrong, and that if he signed the release he would be able to keep his job. About a week after the release, he was fired because of his back trouble, and he thereafter saw another doctor, who advised him that he needed an operation for his back.

Appellant's claim as filed was a general one, in ordinary form, which did not state any reason for its being filed some fifteen months after the original injury. The answer by the appellees denied portions of the claim and, by a first defense, stated that the claim failed to state a cause of action. The answer further alleged that the appellant had been paid all of the benefits to

which he was entitled, and pleaded the defense of the releases.

The appellant claims that summary judgment was improper, in that there were issues of material fact to be determined at a trial, namely, fraud, mistake, and misrepresentation; and, secondly, that on the trial of the case, the releases should be set aside for mistake of fact, if there is no actual fraud.

In response to this, the appellees urge that summary judgment was proper, because there was no genuine issue of fact as to the releases. There is no showing, appellees claim, of reliance on the statements of the adjuster, or of misrepresentation, and that the affidavit is not enough to avoid the summary judgment. The appellees also specifically raise, for the first time on appeal, the question that the case was not timely filed—that is, that the injury and disability occurred on August 13, 1959, that the case was not filed until November 4, 1960, and that, therefore, § 59–10–13.6(A), N.M.S.A.1953, applies; and, further, that the limitation is not tolled under § 59–10–14, N.M.S.A.1953.

■ Other than appellees' general attack on the complaint, the record does not disclose that the limitation question was ruled upon by the trial court. The appellees did, by two affidavits of their attorneys—not a part of the record proper and submitted to this court subsequently—attempt to show that the question of limitations was argued before the trial court. However, any such effort, outside of the record proper, is completely ineffectual. In re Guardianship of Caffo, 1961, 69 N.M. 320, 366 P.2d 848. We therefore disregard the affidavits. Even so, we must dispose of appellees' assertion that the failure to file the claim within one year deprives the court of jurisdiction.

■ We recognize that the limitations statute, as to workmen's compensation, is what has frequently been termed a jurisdictional matter (Selgado v. New Mexico State Highway Department, 1960, 66 N.M. 369, 348 P.2d 487), and the burden is on the claimant to prove compliance therewith. However, as we said in Armijo v. United States Casualty Company, 1960, 67 N.M. 470, 357 P.2d 57, "we have not held, and do not now do so, that the claimant must necessarily allege compliance in the first instance. It is a matter of proof, not formality of pleading." In the Armijo case, we also said that the authorities were wellnigh unanimous that whether a claim is timely filed, or whether good cause exists for delay, are questions of fact and only become questions of law where the facts are not in dispute. In this case, there is enough dispute as to when the compensable injury was discovered so that it comes within the rule of the Armijo case. We also take note of Harlow v. Hare, 1947, 51 N.M. 326, 184 P.2d 300—a case where the claimant was originally paid a few dollars'

compensation for a relatively small injury and more than a year later developed serious trouble with his hand which had also been injured in the original accident, although apparently superficially. There the court sustained a recovery, holding that the statute began to run from the time of the employer's failure to pay compensation for the latent injury, not from the time of the accident. See also Swallows v. City of Albuquerque, 1955, 59 N.M. 328, 284 P.2d 216, another latency case.

■ Even though appellant's affidavit is not too artfully drawn, when it is considered together with the adjuster's deposition, it would seem that there is a possible case of latent injury, and that at least the trial court should have listened to all the evidence and should not have determined as a matter of law that the claim could not be presented. Particularly regarding the second release, there appears to be a question of fact whether appellant, at the time of signing the same, knew or should have known of his injury. That this is a controverted fact question, as well as the question of appellant's reliance upon the adjuster's statement, is apparent from appellant's affidavit wherein he swore "that I had not been told of my back condition by any doctor and that I relied upon Mr. Morrison for the information concerning my condition." When this statement is considered in the light most favorable to the appellant,

it is obvious that summary judgment should have been denied.

Although appellees claim that the affidavit is not sufficient to avoid summary judgment and rely on Apodaca v. Atchison, Topeka and Santa Fe Railroad, 1960, 67 N.M. 227, 354 P.2d 524, it suffices to point out that in Apodaca the affidavit attempted to qualify the deposition testimony previously given by one of the plaintiffs, whereas here the affidavit is the only proof offered by appellant and the obvious discrepancy as existed in Apodaca is not present here.

Concerning the second point raised by appellant, that the releases should be set aside for mistake of fact, if not for fraud, on the trial, the appellees say that the affidavit of the appellant (which is all there is in the record from his standpoint) falls short of a showing that the releases should be set aside by clear and convincing evidence.

■ Thus, appellees seemingly argue that the quantum of proof necessary to preclude summary judgment is the same as that required to set aside a release at trial (Moruzzi v. Federal Life & Casualty Co., 1938, 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407). Such a rule cannot apply, because in summary judgment the court merely determines whether there is a true controverted issue of fact, not whether the proof is sufficient to prove the particular fact. See Buffington v. Continental Casualty Company, 1961, 69

N.M. 365, 367 P.2d 539, and cases cited therein. Even though the affidavit leaves much to be desired, it was not necessary that it show, by clear and convincing evidence, that the release should be set aside. It was sufficient to raise the factual issue, so as to avoid summary judgment.

Further with respect to the releases, appellees maintain that Ritter v. Albuquerque Gas and Electric Company, 1943, 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273, and Mendenhall v. Vandeventer, 1956, 61 N.M. 277, 299 P.2d 457, are controlling and bar appellant's claim. This argument has dual facets. The first relates to the propriety of summary judgment when the issue of the validity of a release is raised. There is ample authority that summary judgment is not proper in such a case. See Camerlin v. New York Cent. R. Co. (1st Cir.1952), 199 F.2d 698; Empire Industries, Inc. v. Mastic Tile Co. of America (S.D.N.Y.1954) 15 F. R.D. 385, 19 F.R.Serv. 887; and Mason v. New York Central R. Co. (E.D.Tenn.1949), 8 F.R.D. 637. Appellant's affidavit certainly puts in issue the matter of the validity of the releases.

The other facet of appellees' contention, and the real problem here, is whether the workmen's compensation act permits an employee to release his employer from liability in advance of his awareness that he has sustained a latent injury. In both Ritter and Mendenhall, the extent of the injuries was known at the time of the release.

There was no question of latency in either of these cases. Actually, in the Ritter case, the court specifically referred to "injuries previously sustained."

We have no quarrel with either Ritter or Mendenhall—the settlement or compromise for "injuries previously sustained" is not repugnant to the provisions of the workmen's compensation act. However, if the claim before us is for a disability which manifested itself *after* both releases, then neither of the mentioned cases is controlling. Section 59–10–13.3(3), N.M. S.A.1953, recognizes latent injuries. It follows, therefore, that even though an accident causes a disability which results in payment of compensation for a time, the employer is not necessarily relieved of the further duty to pay compensation for a subsequent disability, which is the "natural and direct result" of the same accident. Harlow v. Hare, supra.

We therefore reverse the case for trial on its merits—leaving to the trial court the questions of limitation, validity of the releases and latency of the injury—such being matters which can only be determined after hearing and considering the evidence. We express no opinion thereon.

IT IS SO ORDERED.

COMPTON, C. J., and NOBLE, J., concur.

CHAVEZ and MOISE, JJ., not participating.