393 P.2d 15

Billy M. DURHAM, Plaintiff-Appellant,

v.

GULF INTERSTATE ENGINEERING COM-
PANY and Indemnity Insurance Company
of North America, Defendants-Appellees.

No. 7381.

Supreme Court of New Mexico.

June 8, 1964.

Harris & Norwood, Roswell, for appel-
lant.

Frazier & Cusack, Roswell, for appellees.

CARMODY, Justice.

We are here concerned with the refusal
of the trial court to reopen a lump-sum
judgment in a workmen's compensation
case, which was based upon a stipulation of
the parties.

The real problem relates to whether a
lump-sum judgment, fully paid and satis-
fied, is conclusive under the Workmen's
Compensation Act, or whether it may be
reopened under a claim of aggravation or
increase in disability of the workman.

The case arises under the following circumstances: Claimant incurred an injury to his head in a motor vehicle accident. He was briefly hospitalized and examined by three different doctors. Approximately five months after the injury, he filed a claim under the act, alleging total permanent disability, and this was denied by the employer. Some seven months after the filing of the claim, the parties and their attorneys joined in a stipulation, agreeing on a lump-sum settlement. The stipulation contained two paragraphs which are material, reading:

"1. That Billy M. Durham was an employee of Gulf Interstate Engineering Company on February 3, 1960, and that said Billy M. Durham was injured in the course of his employment on that date and as a result of said injury suffered a moderately severe cerebral concussion with a possibility of an increased threshold tendency for epileptiform attacks."

"4. Upon approval of this Stipulation by the Court, Judgment may be entered in accordance with these terms and upon entry of Judgment and payment to Plaintiff by Defendants of the said sum hereinabove mentioned, a Satisfaction and Release of Judgment shall be executed by Plaintiff, whereupon Defendants will stand released, acquitted and discharged of any and all claims, rights, liabilities and causes of actions which have existed, now exist or may later come into existence as the result of the alleged injury to Billy M. Durham as described by the Claim for Compensation in this cause."

On the same day the stipulation was filed, a hearing was held before the district judge, at which time claimant, upon questioning of his own attorney, testified that he understood and agreed to the terms of the settlement. Judgment was then entered on the 31st of January, 1961, specifically approving the stipulation, ordering payment of $1,500.00 and attorney's fees, and decreeing:

" * * * that upon entry of this Judgment and payment of the sum herein prescribed, Plaintiff will execute and file herein a Satisfaction and Release of Judgment, whereupon Defendants will stand released, acquitted and discharged of any and all liabilities, rights, claims, or causes of action which have existed, now exist, or may hereafter come into existence as a result of the injury described in the Claim for Compensation herein."

The satisfaction and release of judgment, signed by both claimant and his attorney, was thereupon filed. On the 14th of June, 1962, claimant filed a motion to reopen his claim for workmen's compensation, alleging that his disability had become more aggravated or had increased as a result of

the injury, and could not have been anticipated as of the date of the judgment. The defendants moved to dismiss the motion, both on the basis that it was not timely filed and upon the theory that the cause had been fully adjudicated. This motion was sustained by the court, which refused to reopen the case.

It should be made plain that there is no assertion that there was any fraud or overreaching, nor is it claimed that the injury was latent. Claimant relies entirely upon the statute, urging that any judgment in a workmen's compensation case, whether payable in installments or in a lump sum, is not final until the expiration of the 500 weeks specified by law.

We have held that, as to a judgment payable in installments, the same is not final until the full statutory period has elapsed. La Rue v. Johnson, 1943, 47 N.M. 260, 141 P.2d 321; Segura v. Jack Adams General Contractor, 1958, 64 N.M. 413, 329 P.2d 432; and Churchill v. City of Albuquerque, 1959, 66 N.M. 325, 347 P.2d 752. We have also held in Linton v. Mauer-Neuer Meat Packers, 1963, 71 N.M. 305, 378 P.2d 126, that other factors may be brought into play in the case of latent injuries. Cases from other jurisdictions, although cited by counsel, are of no assistance to us, because they have been decided under statutes considerably different from ours.

Does the same result follow where a lump-sum judgment has been entered by the court, where the parties, dealing at arm's length, have stipulated and agreed to the entry of the judgment? For the reasons hereafter stated, we are of the opinion that a different result does follow.

Section 59–10–25, N.M.S.A. 1953, is a rather lengthy section of the statute containing at the time in controversy four separate paragraphs dealing with four somewhat unrelated matters (this section has recently been amended by ch. 321, § 1, Laws 1963, which lettered the subsections but made no substantial changes with which we need be concerned). The first paragraph of the statute generally provides for hearings at not more than six-month intervals for a determination as to diminution, termination, or increase of compensation, following an award of compensation. The second paragraph reads as follows:

"The district court in which the right to compensation provided herein is enforceable shall at all times have the right and power to authorize, direct or approve any settlement or compromise of any claim for compensation hereunder by any injured workman or his personal representative or dependents, or any person appointed by the court to receive payment of the same, for such amount and payable in installments or lump sum or in such other

way and manner as the court may approve."

The third paragraph generally grants the right of suit by a workman against persons other than the employer, for negligence, and provides for reimbursement to the employer or insurer for any amounts theretofore paid under the act. The fourth and final paragraph of the section prescribes the criminal penalty in the event the employer fails to file security for the payment of compensation.

The entire section was initially passed in 1929, and except for amendments not material which were enacted by the legislature in 1945, remained as originally enacted until 1951. Prior to 1951, there was no provision in this paragraph of the section to allow the workman to seek an increase in compensation in the event of aggravation, although the right to seek diminution or termination was originally granted to the employer. This court observed the inequality and unfairness to the employee in Hudson v. Herschbach Drilling Co., 1942, 46 N.M. 330, 128 P.2d 1044. Nevertheless, it was not until 1951, by § 30, ch. 205, Session Laws of 1951, that the legislature saw fit to provide a remedy to the employee for aggravation or increase of disability.

We are not here concerned with any changes made over the years by the legislature in paragraphs 3 and 4, but we do observe that the second paragraph, and the one with which we are primarily here concerned, has never been amended since its original enactment, except in minor particulars which are not here pertinent.

Claimant here strongly urges that the amendment made in 1951 to the first paragraph thereby modified the provisions of the second paragraph so as to have the effect of allowing the reopening of even a lump-sum judgment upon a showing of aggravation or increase of disability. We do not agree.

Although the question is of first impression under our statute, the attitude of this court with respect to the finality of lump-sum judgments is clearly shown in several cases determined under the law prior to the 1951 amendment. We are fully cognizant that some of these cases related to releases as distinguished from judgments, but the principle is the same. Thus, in Tocci v. Albuquerque & Cerrillos Coal Co., 1941, 45 N.M. 133, 112 P.2d 515, we sustained the trial court's refusal to set aside a lump-sum settlement which had been approved by the court and we refused to adopt a more liberal rule for setting aside a release in a workmen's compensation case than in a common-law action for damages.

In Hudson v. Herschbach Drilling Co., supra, we stated:

"  *  *  *  It is to be noted in passing that the statute seems to refer to installment payments alone, and has no bear-

ing, apparently, upon lump sum settlements."

In the above case, also, we determined that "the statutes and general law" applied to cases in which the workman sought to set aside a compensation judgment.

Ritter v. Albuquerque Gas & Electric Co., 1943, 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273, was a case involving breach of contract for lifetime employment upon agreement to forbear the filing of a workmen's compensation claim. In the course of the opinion, this court made the same quotation we have hereinabove repeated from the Hudson case, and then went on to say that we have express statutory authority for settlement and that the ordinary rules governing settlements and agreements of claims by workmen will prevail. This same case, in effect, held that court approval was not necessary to sustain such a settlement, and it was upon this point that one justice strenuously dissented, but even the dissent recognized that the statute authorized a binding compromise settlement.

Davis v. Meadors-Cherry Company, 1957, 63 N.M. 285, 317 P.2d 901, held that an order of the district court reopening the employee's claim for compensation was merely an interlocutory order and not appealable. Two of the five justices of the supreme court strongly dissented and, although it was not mentioned in the majority opinion, the dissenting justices stated that, in their judgment, the statutory provisions giving the employee the right to reopen had no application to lump-sum settlements that had been approved by the court. It is obvious that at the time that the above case was decided, it was thought, at least by the two dissenters, that the statute had been effectively amended by the 1951 legislature and that it applied to that particular case. In this the two justices were in error, because when the case was again appealed in 1958 by the opinion appearing at 65 N.M. 21, 331 P.2d 523, the appeal was dismissed because the workman's original injury occurred prior to the effective date of the 1951 amendment. Nevertheless, it is believed that the attitude of the unanimous court in this latter opinion, which was written by Justice McGhee who was one of the dissenters in the first opinion, is quite apparent from the following statement:

"The plaintiff has cited numerous cases from other states to the effect lump sum settlements may be reopened for the allowance of additional payments where there has been an aggravation of injuries or disability, *but nearly all of them appear to be controlled by statute or a provision in a release giving the Industrial Commission continuing jurisdiction.* Cases from other states are directly to the contrary so we will withhold decision on the point until it is squarely before us." (Emphasis added.)

We feel that the views taken by this court through the years with respect to the second paragraph of the section involved are particularly persuasive, and we would again mention that the paragraph itself has remained substantially unchanged. The most recent case which considered this particular section of the statute dealt only with latency in this connection, and cannot be considered as authority for the claimant's position in this case (Linton v. Mauer-Neuer Meat Packers, supra).

When we consider the entire Workmen's Compensation Act, it seems obvious that it contemplates and approves of settlements. Section 59–10–13.8, N.M.S.A. 1953, specifically refers to final settlements, approval by the courts, and entry and satisfaction of the judgment of record. This particular section, however, only has reference to settlements made before the time has elapsed for the filing of answer. Section 59–10–23 (B) and (C) both mention "settlement of a compensation claim," and, of course, we have already quoted from the second paragraph of § 59–10–25. Section 59–10–13.9 makes the rules of civil procedure applicable, and § 59–10–16(B) provides that all judgments shall be governed by the laws of this state with respect to judgments in civil cases and shall have the same force and effect.

In view of the various expressions made by the legislature with respect to settlements and judgments in workmen's compensation cases, it is our considered judgment that a settlement such as is here before the court has all the elements of finality as do other civil judgments. The trial court has full power and authority under the statute to protect the interests of the workman, and it could in a proper case refuse to approve the lump-sum settlement or require that the payments be made in installments, or in such other manner, so as to make it apparent that the court intends to allow the reopening in the event of aggravation or diminution of disability.

With respect to the claim that the disability has been aggravated or increased, it would seem clear from a mere reading of the stipulation made by the parties that, at the most, this is merely a claim that the injuries proved more serious than at the time of the stipulation claimant thought them to be. This is little different from the situation in Mendenhall v. Vandeventer, 1956, 61 N.M. 277, 299 P.2d 457, where we held that, absent fraud or other inequitable conduct, a release cannot be avoided on the ground of mistake of the seriousness of the injuries. We also note that, even if there were such a mistake as here claimed which would justify relief from the judgment, the motion was not timely under Rule 60 (b) (§ 21–1–1 (60) (b), N.M.S.A. 1953) (see the second Davis v. Meadors-Cherry Company case, supra), nor was there any abuse of discretion by the trial court in refusing

to reopen or set aside its judgment. Compare State Collection Bureau v. Roybal, 1958, 64 N.M. 275, 327 P.2d 337.

There being no merit to the contention made by claimant, the action of the trial court will be affirmed. It is so ordered.

COMPTON, C. J., concurs.

NOBLE, J., concurring specially.

NOBLE, Justice (concurring specially).

I concur in the result, but do not interpret Section 59–10–25, N.M.S.A. 1953 to deny the right to reopen a workmen's compensation judgment merely because the judgment provides for a lump-sum payment.

Workmen's compensation statutes are in derogation of the common law and are not controlled or affected by common-law rules except as provided by the statute. Swallows v. Albuquerque, 61 N.M. 265, 298 P.2d 945. However, the second paragraph of § 59–10–25, as it appeared prior to the 1963 amendment, expressly authorized an employer and employee, with approval of the court, to settle and compromise disputed claims for compensation benefits both as to the amount of compensation and the manner of its payment, i. e., whether in installments or lump sum. Since such agreements, based upon accord and satisfaction, are expressly authorized by the workmen's compensation statute, it follows that a judgment entered upon such an agreement is governed by the law applicable to those principles. And as a part of such accord and satisfaction agreement, the parties may waive the statutory right to reopen the judgment and contract for a complete release and satisfaction of all further claims as was done by stipulation in this case. See Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273; Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 112 P.2d 515; Linton v. Mauer-Neuer Meat Packers, 71 N.M. 305, 378 P.2d 126. A release executed under such circumstances bars a right to reopen the judgment. Linton v. Mauer-Neuer Meat Packers, supra.

In the view I take, claimant's right to reopen the judgment is barred in this case by reason of the release, not by reason of the fact that the judgment happened to be for payment of a lump sum. I, therefore, concur in the result.