817 P.2d 1260

**William Don NORMAN,**
**Claimant–Appellee,**

v.

**LOCKHEED ENGINEERING AND SCIENCE COMPANY and Aetna Insurance Company, Respondents–Appellants.**

No. 12559.

Court of Appeals of New Mexico.

Aug. 20, 1991.

John H. Sinclair, Kevin M. Brown, Beall, Pelton, O'Brien & Brown, Albuquerque, for respondents-appellants.

Jerald A. Valentine, Las Cruces, for claimant-appellee.

## OPINION

DONNELLY, Judge.

Employer Lockheed Science and Engineering Company and Aetna Insurance Company (respondents) appeal from an order of the workers' compensation judge (WCJ) denying their application to modify a recommended resolution pursuant to NMSA 1978, Section 52–5–9(B)(2) (Cum. Supp.1990). Respondents' motion sought to set aside the recommended resolution entered by a mediator pursuant to NMSA 1978, Section 52–5–5(C) (Cum.Supp.1990) and to permit respondents to contest worker's claim for workers' compensation benefits. The central issue addressed on appeal is whether a recommended resolution entered pursuant to Section 52–5–5(C) constitutes a modifiable order within the meaning of Section 52–5–9. We affirm.

## FACTS

Worker filed an amended claim for workers' compensation benefits on August 16, 1989. Respondents filed a response, and the parties attended a mediation conference on September 20, 1989. The director of the Workers' Compensation Administration issued a recommended resolution on October 2, 1989, proposing to resolve the claim by awarding, among other things, temporary total disability benefits, medical expenses, and deferring determination of worker's claim for total disability or permanent partial disability. Worker timely filed an acceptance of the recommended resolution on

November 3, 1989. Respondents received the recommended resolution on October 3, 1989, but filed their rejection of the recommended resolution on January 5, 1990, more than sixty days after its receipt.

Respondents subsequently filed an application on March 9, 1990, seeking to modify the compensation order pursuant to Section 52–5–9(B)(2), alleging that their delay in failing to timely reject the recommended resolution was due to mistake, inadvertence, surprise, or excusable neglect. The petition requested that respondents be allowed to file a rejection of the recommended resolution and that the recommended resolution be set aside so that respondents could present meritorious defenses. Worker opposed the application and filed a motion to quash the rejection as untimely. After a hearing, the WCJ dismissed respondents' petition for lack of subject matter jurisdiction, holding that a conclusively binding recommended resolution is not a compensation order within the meaning of Section 52–5–9, and that respondents were bound by the provisions of the recommended resolution.

DISCUSSION

Respondents assert that the WCJ erred in denying their request to set aside the recommended resolution under Section 52–5–9. They reason that, after the expiration of the time period set forth in Section 52–5–5(C), a recommended resolution issued by a mediator becomes binding in its effect and is tantamount to a compensation order. Thus, they argue that the recommended resolution should be subject to modification, similar to other compensation orders, upon application and a showing of good cause pursuant to Section 52–5–9.

Section 52–5–5(C) provides in applicable part:

Within thirty days of receipt of the recommendation of the director, each party shall notify the director on a form provided by him of the acceptance or rejection of the recommendation. *A party failing to notify the director waives any right to reject the recommendation and is bound conclusively by the director's recommendation unless, upon application made to the director within thirty days after the foregoing deadline, the director finds that the party's failure to notify was the result of excusable neglect.* If either party makes a timely rejection of the director's recommendation, the claim shall be assigned to a worker's compensation judge for hearing. [Emphasis added.]

Section 52–5–9(A) reads as follows:

Compensation orders are reviewable subject to the conditions stated in this section upon application of any party in interest in accordance with the procedures relating to hearings. The workers' compensation judge, after a hearing, may issue a compensation order to terminate, continue, reinstate, increase, decrease or otherwise properly affect compensation benefits provided by the Workers' Compensation Act [Chapter 52, Article 1 NMSA 1978] or the New Mexico Occupational Disease Disablement Law or in any other respect, consistent with those acts, modify any previous decision, award or action.

Under Section 52–5–9(B), a review of a compensation order "may be obtained upon application of a party in interest filed with the director at any time within two years after the date of the last payment or the denial of benefits" upon a proper showing of any of the grounds specified therein, including a showing of "mistake, inadvertence, surprise or excusable neglect[.]"

Worker contends that Sections 52–5–5 and –9 should be strictly interpreted so that a recommended resolution is subject only to modification upon a showing of timely compliance with the provisions of Section 52–5–5. Worker also argues that the WCJ lacked jurisdiction to consider respondents' petition. The critical issue in this case, therefore, involves the relationship, if any, between the provisions of Sections 52–5–5(C) and –9(B)(2).

In enacting Section 52–5–9(A), it is evident that the legislature intended to

permit a WCJ to "modify any previous decision, award or action." *Id.* A conclusively binding recommendation, after the running of the time for contesting the recommendation, is synonymous with and constitutes an "award" within the meaning of Section 52–5–9(A). Thus, we conclude that jurisdiction vests with the WCJ to modify a conclusively binding recommended resolution under Section 52–5–9, and the WCJ erred in concluding that a conclusively binding recommended resolution is not a "compensation order" as used in Section 52–5–9. In examining the effect of a recommended resolution, we discern no practical difference between a conclusively binding recommended resolution and a compensation order. They are both predicated on the resolution of legal and factual issues necessary to award benefits. The only difference is that a conclusively binding recommended resolution results from an informal conference, whereas a compensation order is the end product of adjudication. This does not affect finality. *See Johnson v. C & H Constr. Co.*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967) (reviewing court looks to substance and not form of judgment or order to determine finality); *see also Lucero v. Yellow Freight Sys., Inc.*, N.M., 818 P.2d 863 (Ct.App.1991) (determining that Section 52–5–9(B) permits modification of compensation order upon showing of mistake or inadvertance).

In *Armijo v. Save 'N Gain*, 108 N.M. 281, 771 P.2d 989 (Ct.App.1989), we characterized a recommended resolution as a final decision where Section 52–5–5(C) time limits had expired and stated: "[I]n the absence of an express grant of authority, the power of any administrative agency to reconsider its final decision exists only where the statutory provisions creating the agency indicate a legislative intent to permit the agency to carry into effect such power." 108 N.M. at 286, 771 P.2d at 994. In *Armijo*, the worker did not seek modification pursuant to Section 52–5–9, but sought reconsideration under Section 52–5–5(C), which does not provide administrative authority to review a resolution once it becomes binding. *Id.* Under Section 52–5–9(A), the WCJ may "terminate, continue, reinstate, increase, decrease or otherwise properly affect compensation benefits." Thus, because we determine that a conclusively binding recommended resolution is indistinguishable from a compensation order, we conclude that the WCJ was authorized under Section 52–5–9 to consider respondents' petition.

■ Worker argues in the alternative that even if the WCJ is invested with jurisdiction, nevertheless, since respondents failed to notify the WCJ of excusable neglect within the time limit specified in Section 52–5–5(C), they may not subsequently file a rejection to the recommended resolution under the two-year time limit provided in Section 52–5–9. We find this argument persuasive.

■ Examination of Section 52–5–5(C) in context with the Act as a whole indicates that the legislature intended that a party's failure to timely respond to a recommended resolution would preclude a later attempt to contest the recommended resolution for mistake, inadvertence, surprise or excusable neglect under Section 52–5–9(B)(2). In interpreting statutes, courts are guided by the intention of the legislature. *Smith Mach. Corp. v. Hesston, Inc.*, 102 N.M. 245, 694 P.2d 501 (1985). Legislative intent is primarily evidenced through the language of the statutes. *First Nat'l Bank of Santa Fe v. Southwest Yacht & Marine Supply Corp.*, 101 N.M. 431, 684 P.2d 517 (1984). As noted by the parties, the legislature, in enacting the Workers' Compensation Act, has expressly stated that workers' compensation statutes should be interpreted and applied in a manner that balances expeditious resolution of claims with an opportunity for claims to be decided on the merits. NMSA 1978, § 52–5–1 (Cum.Supp. 1990). Applying these basic principles, we conclude that the grounds for modification listed in Section 52–5–9(B) do not permit a party to file a delayed response to a recom-

mended resolution once the resolution has become final.

Section 52–5–5(C) sets out the procedures and time limits for informal conferences. We have held that failure to meet the deadlines imposed in this section bars reconsideration. *Armijo v. Save 'N Gain.* Respondents argue, however, that the present case is distinguishable, because they are seeking relief under Section 52–5–9. As noted above, Section 52–5–9(A) permits the WCJ to "terminate, continue, reinstate, increase, decrease or otherwise properly affect compensation benefits." Section 52–5–9(B) provides: "A review may be obtained upon application of a party in interest filed with the director at any time within two years after the date of the last payment or the denial of benefits upon the following grounds ... (2) mistake, inadvertence, surprise or excusable neglect[.]" The excusable neglect alleged in this case concerns the underlying reasons for failing to timely respond to the recommended resolution. The relief sought would allow respondents to file a rejection to the recommended resolution so that additional defenses might be asserted against worker's claim.

We agree with worker that allowing a party up to two years to assert mistake or excusable neglect as a basis for filing a rejection to the recommended resolution would make a nullity of the time limits in Section 52–5–5(C). The language of Section 52–5–5(C) specifically addresses a party's obligation to respond to a recommended resolution. To the extent that the provisions of Sections 52–5–5(C) and –9(B)(2) are conflicting, we conclude that the former section is the more specific and governs. *City of Albuquerque v. Redding,* 93 N.M. 757, 605 P.2d 1156 (1980) (between two conflicting statutory provisions, the specific controls over the general); *see also United Nuclear Corp. v. Fort,* 102 N.M. 756, 700 P.2d 1005 (Ct.App.1985) (specific statute governs general statute). Finally, language in Section 52–5–5(C) was added in 1987 to permit an additional thirty days where failure to file resulted from excusable neglect. This evinces a legislative intent to provide an appropriate remedy for the precise circumstances experienced by respondents in this case. *See Abbott v. Armijo,* 100 N.M. 190, 668 P.2d 306 (1983).

Respondents seek to analogize this situation with a default judgment on liability, where a party may use SCRA 1986, 1–060(B) to set aside the judgment to permit a hearing on the merits. *See Dean Witter Reynolds, Inc. v. Roven,* 94 N.M. 273, 609 P.2d 720 (1980); *see also Lucero v. Yellow Freight Sys., Inc.* Although Section 52–5–9(B) is patterned after Rule 1–060(B), the situation posed here differs from respondents' default analogy for at least two reasons. First, Section 52–5–5(C) limits the scope of Section 52–5–9(B) for the reasons stated above. Second, issuance of the recommended resolution is preceded by an informal conference at which both parties are permitted to discuss the merits of their position. § 52–5–5.

In summary, we hold that a conclusively binding recommended resolution is tantamount to a compensation order for purposes of administrative review under Section 52–5–9. Additionally, we conclude that mistake or excusable neglect, as used in Section 52–5–9(B)(2), does not, as a matter of law, constitute a valid basis to subsequently seek to contest a recommended resolution once the time limits specified in Section 52–5–5(C) have expired.

CONCLUSION

For the reasons discussed above, we affirm.

IT IS SO ORDERED.

ALARID, C.J., and APODACA, J., concur.