836 P.2d 98

**Daniel M. BUSTAMANTE, Claimant–Appellant,**

v.

**CITY OF LAS CRUCES, Respondent– Appellee.**

No. 13187.

Court of Appeals of New Mexico.

June 12, 1992.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, for claimant-appellant.

Robert B. Kelley, City Atty., Las Cruces, for respondent-appellee.

## OPINION

FLORES, Judge.

This is a workers' compensation case in which claimant appeals the workers' compensation judge's (WCJ) denial of claimant's request for an increase in benefits. Claimant briefs two issues on appeal: (1) whether the doctrine of res judicata applies, in the absence of a final order following a hearing, where the issue of the average weekly rate was considered, or could have been considered and (2) whether the Workers' Compensation Administration (Administration) has jurisdiction, pursuant to NMSA 1978, Section 52–5–9(A) (Cum. Supp.1990), to increase compensation benefits and modify any previous action taken before the Administration. Other issues listed in the docketing statement but not argued in the brief-in-chief are deemed abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). We affirm.

### BACKGROUND

Claimant was injured in an occupational accident which occurred on September 15, 1986. On June 17, 1988 claimant filed a claim for workers' compensation seeking certain benefits. In his claim, claimant stated that his wages at the time of the accident were $7.50 per hour. After the informal resolution process, claimant and employer jointly filed a petition for settlement approval with the Administration. Pursuant to the petition, a settlement agreement was entered into between claimant and employer. In December 1988, the settlement agreement was approved by the WCJ and filed with the Administration. The approved settlement agreement provided that claimant receive reasonable and necessary medical care and treatment, as well as vocational rehabilitation; that certain medical bills be paid; that claimant waived any right to an increase in benefits that may have been appropriate by lack of use of a safety device; and that there was no agreement regarding attorney fees. The settlement agreement reserved only the issue of permanent disability until claimant achieved maximum medical improvement.

At the time of the filing of the claim and at all material times thereafter, claimant was receiving compensation benefits at the rate of $196.98 per week. The settlement agreement did not specifically provide for any change in this compensation rate. On May 9, 1990, claimant filed another claim for workers' compensation seeking an increase in benefits. In this second claim, claimant stated that his wages at the time of the accident were $7.40 per hour *plus overtime* (emphasis added). A mediation conference was held on June 18, 1990. Pursuant to the mediation conference, the mediator recommended that (1) claimant's weekly compensation rate be increased from $196.98 to $241.94; (2) employer pay the rate increase retroactive to December 13, 1988; and (3) claimant pay his own attorney fees. Claimant rejected the recommended resolution. The reasons claimant gave for the rejection were that (1) since he had been underpaid by $53.97 per week since the injury, the compensation rate should be increased to $250.95 per week and employer should pay the rate retroactive to September 15, 1986, the date of claimant's injury; and (2) attorney fees were to be determined at a later time.

Employer also rejected the recommended resolution. The reasons employer gave for the rejection were that (1) the doctrine of res judicata or collateral estoppel precluded claimant from raising the issue of incorrect compensation now because he could have raised it previously but did not, and (2) the issue was not properly raised by claimant pursuant to Section 52–5–9.

After preparing and filing findings of fact and conclusions of law, the WCJ filed a disposition order, an amended disposition

order and ultimately a second amended disposition order. The second amended order filed on June 5, 1991, adjudged, inter alia, that claimant's request for an increase in weekly benefits based upon a new calculated rate was barred by the doctrine of res judicata and waiver, and denied attorney fees to claimant. It is from this second amended disposition order that claimant appeals.

On appeal, claimant argues that the settlement agreement did not conclusively determine the correct rate of compensation and it was not a final, appealable order; thus, res judicata does not apply. Claimant also argues that the WCJ should have awarded him the increased weekly benefits, both retroactively to the date of injury and prospectively.

Employer's argument on appeal essentially is that res judicata bars granting an increase in weekly benefits and claimant failed to properly raise the issue before the Administration, pursuant to Section 52–5–9.

■■■ We agree that if timely asserted, the doctrine of res judicata bars relitigation of issues which were adjudicated or those which could have been determined. *See St. Clair v. County of Grant*, 110 N.M. 543, 797 P.2d 993 (Ct.App.1990). However, our inquiry does not end there. In *St. Clair*, we observed that "compensation cases balance the need for finality and judicial efficiency against the need for continuing jurisdiction to effectuate the purposes of the act and to accommodate changes in earning capacity." *Id.* at 549–50, 797 P.2d at 999–1000 (quoting *Pima County Bd. of Supervisors v. Industrial Comm'n of Arizona*, 716 P.2d 407, 412 (Ariz.1986) (en banc)). However, the doctrine of res judicata has only limited application in this case. Section 52–5–9(A) grants the WCJ authority to terminate, continue, reinstate, increase, or decrease workers' compensation benefits, or modify any previous decision. Whether the claimant has made a proper showing for such modification is within the sound discretion of the WCJ and not subject to reversal absent a showing of abuse of discretion. *See Durham v. Gulf Interstate Eng'g Co.*, 74 N.M. 277, 282–83, 393 P.2d

15, 19 (1964) (trial court did not abuse its discretion in refusing to reopen case). Therefore, we review this case on an abuse of discretion standard. " '[A]n abuse of discretion is an erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn from such facts and circumstances.' " *Zamora v. CDK Contracting Co. Inc.*, 106 N.M. 309, 314, 742 P.2d 521, 526 (Ct.App.1987) (quoting R. Bowers, *Judicial Discretion of Trial Courts* § 12, at 20 (1931)). In the context of workers' compensation cases, abuse of discretion and the substantial evidence standard are inextricably intertwined. Each case is reviewed for abuse of discretion on its own merits with a view toward the substantiality of the evidence relied upon by the WCJ. *Id.* Finding no abuse of discretion by the WCJ, we affirm.

In applying Section 52–5–9, we note that it has not changed in any way material to this appeal since it was first enacted in 1986, as part of the Interim Act. There is no dispute that Section 52–5–9 applies to this appeal. Under these circumstances, it is not necessary to decide with any greater specificity which statutory scheme controls this appeal.

*DISCUSSION*

■■■ The record shows, in material part, that in his initial claim, claimant himself set out his weekly wages; that he received, without objection, the weekly benefits at the rate of $196.98 per week both before and after the settlement agreement; that a recalculation of the compensation benefit rate disclosed that the correct rate was $244.88 per week, which was $47.50 more per week than claimant was receiving; that the correct compensation benefit rate could have been raised and decided at the earlier proceeding which resulted in the settlement agreement; and that in the petition for settlement approval, claimant and his attorney recognized that the settlement represented the best possible resolution of the matter under the circumstances of the case.

Further, the WCJ could reasonably determine that at the time of entering into the settlement agreement, claimant knew, or after due diligence could have discovered, the amounts of overtime pay he had received prior to his injury. Therefore, the settlement agreement finalized the parties' agreement that the compensation benefit rate being paid at the time was correct and acceptable. In addition, the WCJ could reasonably consider that employer might not have agreed to a settlement if the increased weekly rate of $244.88, rather than $196.88, had been used in the settlement agreement. Finally, employer contends, and claimant does not contest, that the settlement, which was approved by the WCJ, was prepared and submitted by claimant by and through his attorney. We hold that the evidence appearing in the record is sufficiently substantial to support the conclusion that the WCJ did not abuse his discretion in denying claimant's request for an increase in benefits.

■ On the second issue, concerning whether the Administration retains jurisdiction to modify any previous action taken on a case, this court recently addressed a similar issue in *Norman v. Lockheed Engineering & Science Co.*, 112 N.M. 618, 817 P.2d 1260 (Ct.App.1991). In *Norman*, this court held that a recommended resolution which becomes conclusively binding due to a party's failure to timely respond constitutes a modifiable order within the meaning of Section 52–5–9. Thus, the *Norman* court determined that the WCJ had jurisdiction to hear the respondents' petition for modification and that the WCJ erred in holding otherwise. A settlement agreement has all the elements of finality as do other civil judgments. *See Durham*, 74 N.M. at 282, 393 P.2d at 18–19. Here the record shows that claimant's attempt to reopen or modify the settlement agreement was done by filing what in essence amounts to a new claim. Claimant's 1990 claim was timely filed pursuant to Section 52–5–9(B), and upon a proper showing he could have been entitled to increase the prior weekly rate as set out in the settlement agreement and approved by the WCJ. Section 52–5–9(A) grants the WCJ authority to reopen, review, and modify any prior decision, award or action. However, determining whether claimant has made a proper showing entitling him to an increase in benefits is within the sound discretion of the WCJ and is not subject to reversal except for abuse of discretion. *See id.* at 282–83, 393 P.2d at 19; *see also Zamora*, 106 N.M. at 314, 742 P.2d at 526.

In this case, claimant did not file his claim for an increase in benefits in accordance with Section 52–5–9. Claimant did not specify any grounds for the increase as set forth in Section 52–5–9(B)(1)–(7). Further, there was no factual showing that any of the grounds for an increase in benefits had been met. In this respect, claimant contends that overtime pay was not taken into consideration when his compensation payments were awarded. He seeks to retroactively increase his benefits to include a calculation for the omitted overtime. Clearly this assertion for increased benefits could not possibly be based on Section 52–5–9(B)(1), (5), (6) or (7). Section 52–5–9(B)(4) is not applicable because claimant knew, or reasonably should have known, of overtime pay prior to the settlement agreement. Section 52–5–9(B)(2), "mistake inadvertence, surprise or excusable neglect" and Section 52–5–9(B)(3), "clerical error or mistake in mathematical calculations" might be the two possible grounds for review. However, claimant has wholly failed to make a proper showing entitling him to an increase in benefits based on these two grounds. In fact, it clearly appears from the record that the parties were in accord on the compensation rate being paid before, during, and up until a year and a half after approval of the settlement agreement.

■ Although the WCJ denied claimant's request for an increase in benefits on different grounds, this court will affirm a lower court's decision that reaches the correct result for the wrong reason. *See Williams v. Williams*, 109 N.M. 92, 781 P.2d 1170 (Ct.App.1989). We note that the WCJ made findings and conclusions and entered an order that indicated worker had not presented sufficient evidence to justify setting aside the order under Section 52–5–

9. We interpret the order as an exercise of discretion, and we affirm the WCJ's decision as within his discretion on the showing made.

## CONCLUSION

Considering the facts, circumstances and events in this case, we cannot say that the WCJ abused his discretion in denying claimant's request for an increase in benefits. Accordingly, we affirm the WCJ. No costs are awarded on appeal.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.