888 P.2d 1014

**Anna FASSO, Claimant–Appellant,**

v.

**SIERRA HEALTHCARE CENTER, and Travelers Insurance, Respondents– Appellees.**

**No. 14725.**

Court of Appeals of New Mexico.

Dec. 22, 1994.

Jane Bloom Yohalem, The Law Offices of Simon & Oppenheimer, Santa Fe, for claimant-appellant.

Larry Ramirez, Weinbrenner, Richards, Paulowsky and Ramirez, P.A., Las Cruces, for respondents-appellees.

## OPINION

BOSSON, Judge.

This case addresses whether claimant Anna Fasso (Worker), having received the benefits of a recommended resolution of her workers' compensation claim under NMSA 1978, Section 52–5–5 (Repl.Pamp.1987), may thereafter petition to increase those benefits on the basis of an alleged change in condition under NMSA 1978, Section 52–5–9(B)(1) (Repl.Pamp.1987). The Workers' Compensation Judge (WCJ) held as a matter of law that Worker could not request such a modification, and on that issue we reverse. Worker also requests that we apply Section 52–5–9 directly to her claim and agree to her requested modifications. We decline to do so and instead remand to the WCJ for further consideration.

### FACTS

Worker injured her back in 1988 while moving a patient on the premises of Sierra Health Center (Employer). A mediation conference was held on December 5, 1990, and a recommended resolution issued on December 7, 1990. The resolution suggested that Worker receive the following: (1) a lump sum settlement of approximately $13,000; (2) $1,000 in vocational rehabilitation benefits; (3) eighteen months of open medical benefits; and (4) $1,800 in attorney fees. Employer filed an acceptance of resolution, and Worker filed no response. Thus, the recommended resolution became a binding compensation order on January 7, 1991. *See* NMSA 1978, § 52–5–5(C) (Repl.Pamp.1991). The lump sum settlement embodied in the order was paid to Worker in February 1991.

Worker had spinal fusion surgery on March 26, 1991, due to a herniated disc. Employer paid for this surgery. Worker's recovery from surgery was unsuccessful, and she decided to have corrective surgery which did not take place until October 26, 1992.

Employer refused to pay for the expenses related to her corrective surgery because the eighteen months of open medical coverage provided for in the order had expired.

Prior to the October 22, 1992 surgery, Worker filed a petition under Section 52–5–9 to modify the January 1991 compensation order. After a hearing, the WCJ entered an order concluding that the compensation order could not be reopened because Worker had not rejected the recommended resolution, nor had Worker filed a request within thirty days to have the recommended resolution set aside as allowed by Section 52–5–5.

### DISCUSSION

■ On appeal, Worker contends that the two-year limitation period of Section 52–5–9(B), rather than the thirty-day period of Section 52–5–5(C), applies to the modification of a compensation order on the grounds of a change in condition. In *Norman v. Lockheed Engineering & Science Co.*, 112 N.M. 618, 817 P.2d 1260 (Ct.App.1991), this Court discussed the relationship between Section 52–5–5 and Section 52–5–9. Specifically, *Norman* held that a party who fails to file a response to a recommended resolution is governed by the time limits of Section 52–5–5(C) when seeking to modify the compensation order based on mistake or excusable neglect. *Norman,* 112 N.M. at 622, 817 P.2d at 1264. However, this Court also indicated that when considering other grounds for modification under Section 52–5–9, excluding mistake or excusable neglect, the two-year limitation period of Section 52–5–9 applies as with any other compensation order. "[A] conclusively binding recommended resolution is tantamount to a compensation order for purposes of administrative review under Section 52–5–9." *Id.* In reliance on *Norman,* we hold that since Worker seeks to modify the recommended resolution on the basis of her change in condition, that the two-year provision in Section 52–5–9(B) applies and not the shorter limitation period in Section 52–5–5(C).

■ Worker seeks to modify her recommended resolution by demonstrating a change in condition. Section 52–5–9(A) permits a WCJ to "terminate, continue, rein-

state, increase, decrease or otherwise properly affect compensation benefits ... or in any other respect ... modify any previous decision, award or action" upon any of the grounds set forth in Section 52–5–9(B). Section 52–5–9(B)(1) authorizes such review and modification of a compensation order on the grounds of "change in condition." The term "change in condition" refers to a change in a worker's medical or physical condition. *See* 3 Arthur Larson, *The Law of Workmen's Compensation* § 81.31(a), at 15–988 (1994).

Employer disputes this authority to modify for a change in condition, citing this Court's decision in *Armijo v. Save 'N Gain*, 108 N.M. 281, 771 P.2d 989 (Ct.App.1989), and *Quintana v. Motel 6, Inc.*, 102 N.M. 229, 693 P.2d 597 (Ct.App.1984). We are not persuaded. Neither *Armijo* nor *Quintana* consider modification of a compensation order under Section 52–5–9. In *Armijo*, the worker sought reconsideration under Section 52–5–5(C), which, unlike Section 52–5–9, limits review of a binding recommended resolution to mistake or excusable neglect. *Armijo*, 108 N.M. at 286, 771 P.2d at 994. *Quintana* predates entirely the 1986 enactment of Section 52–5–9, and is also based upon an alleged mutual mistake of fact, namely the unknown consequences of a known injury, which did not justify setting aside a settlement. *Quintana*, 102 N.M. at 230–31, 693 P.2d at 598–99.

We note that the compensation order in this case was not preceded by an actual settlement agreement of the parties, approved by the WCJ, and entered on the record. *Cf. Durham v. Gulf Interstate Eng'g Co.*, 74 N.M. 277, 282–83, 393 P.2d 15, 19 (1964) (under former law, prior settlement agreement approved by court and followed by execution of full release could not be reopened under Rule 60(B)). *But see Glover v. Sherman Power Tongs*, 94 N.M. 587, 589, 613 P.2d 729, 731 (Ct.App.) (*Durham* limited to "rare circumstances"), *cert. denied*, 94 N.M. 675, 615 P.2d 992 (1980). There were no releases executed by the parties. We express no opinion on the outcome under those circumstances.

■ In the present case, Worker did not even formally accept the recommended reso-

lution; she simply declined to reject it, which makes it a compensation order by operation of law. *See* Section 52–5–5(C); *Norman*, 112 N.M. at 622, 817 P.2d at 1264. Recent decisions of this Court indicate that a compensation order is modifiable under Section 52–5–9 even when premised on a lump sum settlement agreement. *See Curliss v. B & C Auto Parts*, 116 N.M. 668, 670, 866 P.2d 396, 398 (Ct.App.1993) (lump sum settlement agreement could be modified under grounds set forth in Section 52–5–9); *Bustamante v. City of Las Cruces*, 114 N.M. 179, 181, 836 P.2d 98, 100 (Ct.App.) (lump sum settlement agreement approved by WCJ could be modified under grounds set forth in Section 52–5–9), *cert. denied*, 114 N.M. 82, 835 P.2d 80 (1992). Although no case has yet expressly approved modification of a compensation order resulting from a settlement conference on the specific grounds of a "change in condition," we think this follows from the policy considerations articulated in these cases. As this Court has previously stated: " '[C]ompensation cases balance the need for finality and judicial efficiency against the need for continuing jurisdiction to effectuate the purposes of the act and to accommodate changes in earning capacity.' " *Bustamante*, 114 N.M. at 181, 836 P.2d at 100 (quoting *St. Clair v. County of Grant*, 110 N.M. 543, 549–50, 797 P.2d 993, 999–1000 (Ct.App.1990) (citation omitted)). Therefore, we hold that a compensation order may be modified under the change in condition criteria of Section 52–5–9(B)(1), even where the compensation order is the result of a recommended resolution following a settlement conference.

*CHANGE IN CONDITION*

■ Worker also asserts that we should decide whether the deterioration in her condition, requiring multiple surgeries, constitutes a "change in condition" pursuant to Section 52–5–9. We will not determine whether there was in fact a change in condition; we leave that for the WCJ on remand. *See Walker v. L.G. Everist, Inc.*, 102 N.M. 783, 791, 701 P.2d 382, 390 (Ct.App.), *cert. denied*, 105 N.M. 94, 728 P.2d 845 (1985).

*CONCLUSION*

We reverse the WCJ's Order of Dismissal and Order Granting Summary Judgment and remand to the Workers' Compensation Administration on the issue of whether Worker can demonstrate a change in condition under Section 52–5–9(B)(1).

IT IS SO ORDERED.

APODACA, C.J., and BLACK, J., concur.