This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RONNIE GOMEZ,**

Worker-Appellant,

**v.**                                                                                    **No. 32,418**

**WAL-MART STORES and**
**AMERICAN HOME INSURANCE,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, District Judge**

Ronnie Gomez
Los Lunas, NM

Pro Se Appellant

Hoffman Kelley LLP
Jeffrey L Federspiel
McKinney, TX

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Worker-Appellant Ronnie Gomez (Worker) appeals from the workers' compensation judge's (the WCJ's) order filed September 21, 2012. [RP 514] This Court's notice of proposed summary disposition proposed to dismiss the appeal as untimely or in the alternative to affirm the WCJ's order. Worker filed a memorandum in opposition to the proposed disposition. We are not persuaded by Worker's arguments and dismiss the appeal.

This Court's notice proposed to conclude that the July 12, 2012, order was a final appealable order, and Worker's notice of appeal was untimely filed. *Cf. San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, ¶ 17, 132 N.M. 73, 43 P.3d 1083 ("[I]t is the practical effect of the orders in question, not the date on which they are filed, that determines whether an order is final for purposes of appeal."). The rationale for this conclusion was that although the WCJ entered an order on September 21, this later order did not prevent the July 12 order from being final because it did not alter, moot, or revise the decision contained in the July 12 order. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992) ("Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein."). Additionally, there appears to be no

new complaint after the July 12 order prompting the September 21 order. The June 21, 2012, application for modification of compensation order is the only complaint that appears in the record during this time frame. [RP 465, 474] Both the July 12 and September 21 orders ordered the clerk not to file or process the complaint submitted by Worker because it was redundant of prior adjudicated matters. [RP 482, 514]

Worker did not point out any specific error in fact or law to this proposed disposition. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Worker seems to indicate that it was court error that resulted in Worker failing to receive "paperwork" in a timely fashion which in turn prevented him from filing a timely notice of appeal. [MIO 5] Worker asserts that these exceptional circumstances warrant this Court to entertain the untimely notice of appeal. [MIO 4] However, the record indicates that copies of the July 12 order were mailed to all the parties, including Worker. [RP 482]

As indicated in this Court's notice, even assuming Worker argues that the WCJ did not consider the evidence supporting his claims of bad faith, fraud, and ex-parte communication, it appears the WCJ reviewed the content of the application and determined that there was no new meaningful content or evidence warranting further

processing of the application. [RP 482] Because Worker did not appeal from that order and the time for doing so has expired, we affirm the WCJ's order, and dismiss the appeal. *See* Rule 12-601(B) NMRA (mandating that notice of appeal from an administrative agency be filed within thirty days of filing of a final order).

Insofar as the September 21 order can be construed as a final appealable order, the WCJ found, after a full hearing and review of the pleadings, that the application did not warrant reopening the case for review. [RP 514; see also 403-07] Specifically, it appears that the WCJ found in its August 23, 2012, order that Worker was not credible, and the evidence failed to establish grounds for modifying the order. [RP 404-05] And in its September 21, 2012, order, the WCJ found that there was no new material submitted in Worker's "Application for Modification of Compensation Order" and that the application was "merely redundant of prior adjudicated matters." [RP 514] We proposed to conclude there was no abuse of discretion in the WCJ's determination that Worker's application was insufficient to warrant review. *See Durham v. Gulf Interstate Eng'g Co.*, 74 N.M. 277, 282-283, 393 P.2d 15, 19 (1964). Worker failed to point out any error in fact or law with this Court's proposed disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24.

For these reasons and those stated in the notice of proposed summary disposition, we dismiss the appeal.

4

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**